SIVYER STEEL CASTING COMPANY, Respondent, v. AMERICAN STEEL & PUMP CORPORATION and another, Appellants.

*May 12—November 29, 1966.*

556

For the appellants there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *Walter F. Kaye.*

For the respondent there was a brief by *Brady, Tyrrell & Bruce,* and oral argument by *Patrick W. Cotter,* all of Milwaukee.

PER CURIAM. We stated in our order of May 16, 1966, that the trial judge erroneously predicated jurisdiction upon the allegations of the verified complaint. We pointed out that had the record supported those allegations, there clearly would have been jurisdiction. We, however, relied upon the rule of *Pavalon v. Thomas Holmes Corp.* (1964), 25 Wis. (2d) 540, 547, 131 N. W. (2d) 331, that, ". . . the allegations of a verified complaint are not to be considered as evidence tending to establish jurisdiction. . . ." We also noted that the trial judge, assuming the jurisdictional allegations of the complaint to be sufficient,

rejected an offer of proof that would have shown additional jurisdictional contacts.

On the basis of evidence adduced at the hearing on the question of jurisdiction held on August 12, 1966, pursuant to the order of this court, it is apparent that the finding of jurisdiction over American Steel is not contrary to the great weight and clear preponderance of the evidence. There was undisputed evidence of at least two mailings to each of 294 of Sivyer stockholders in Wisconsin between March 1, 1966, and April 2, 1966. We conclude that, from the inception of this lawsuit, the defendant American Steel was within the jurisdiction of the court. There was, however, no evidence of any substantial activities by the Bank within the boundaries of Wisconsin, and this action as to it must be dismissed.

The motion of the respondent Sivyer to dismiss the appeal of the appellants is hereby granted because of the contumacious contempt of the appellants in defying the injunctional order of the circuit court as modified by this court on April 11, 1966. Authority for such dismissal is provided by *Flakall Corp. v. Krause* (1955), 269 Wis. 310, 311, 70 N. W. (2d) 8. The hearing of April 25, 1966, resulted in the production of evidence that clearly supports the trial judge's finding that the defendant American Steel was in contempt for its contumacious disregard of the injunction. It was established that one Keating, who was identified as a representative of American Steel, personally solicited several Sivyer shareholders on or about the 18th or 19th day of April, 1966, in contravention of the modified order that permitted solicitation only by the use of advertising or statements in the mass media. Solicitation was established by direct testimony of stockholders that they were solicited by Keating after he identified himself as a representative of American Pump.

The violation of the order of this court and the modified order of the circuit court is apparent, flagrant, and contumacious. Not only is the trial judge's finding of

contempt not contrary to the great weight and clear preponderance of the evidence, there is in fact no evidence that would support a contrary finding. The evidence of conduct constituting contempt was uncontradicted by the appellants.

The complaint of the plaintiff Sivyer against the Bank is dismissed with costs. The appeal of the defendant American Steel is dismissed with costs.

HANLEY, J., took no part.