BAZAN, Plaintiff and Appellant, v. KUX MACHINE COMPANY, INC., and another, Defendants and Respondents and Cross Appellants: ALLEN BRADLEY, INC., Defendant and Respondent.

*No. 173. Argued September 8, 1971.—Decided October 8, 1971.*
(Also reported in 190 N. W. 2d 521.)

326

For the plaintiff-appellant, Hugo Alberto Bazan, there were briefs by *Kivett & Kasdorf* of Milwaukee, and *Donald E. Koehn* of Sheboygan Falls, attorneys; and for the defendant-respondent, Allen Bradley, Inc., by *Hayes & Hayes* of Milwaukee, attorneys; and *John M. Swietlik* and *James R. Gass,* both of Milwaukee, *Donald E. Koehn*

of Sheboygan Falls, and *Hanlin J. Hayes* of Milwaukee, all of counsel; and oral argument by *Mr. Gass* and *Mr. Hanlin J. Hayes.*

For the defendants-respondents and cross-appellants, Kux Machine Company, Inc., and Travelers Indemnity Company, there was a brief by *Ames, Riordan, Crivello & Sullivan,* attorneys, and *Donald H. Carlson* of counsel, all of Milwaukee, and oral argument by *Mr. Frank T. Crivello* and *Mr. Carlson.*

CONNOR T. HANSEN, J. Plaintiff is a licensed doctor of dentistry in his native country of Chile. "While studying the English language preparatory to taking the necessary examinations to become licensed as a doctor of dentistry in the State of Wisconsin he was employed as a die-cast machine operator at Die Cast Division of Tecumseh Products Company in Sheboygan Falls, Wisconsin." On December 8, 1966, while operating a die-cast machine manufactured by the defendant, the plaintiff sustained injuries when the machine suddenly activated, crushing his left arm. The malfunction was allegedly caused by a failure of the electrical switch mechanism. Allen Bradley, Inc., is alleged to have provided defendant with electrical switches used in the operation of the machine and is named as a party defendant.

Defendant did not have a certificate of authority to do business in Wisconsin. Consequently, on November 4, 1969, a summons and complaint were served on the secretary of state of the state of Wisconsin, pursuant to sec. 180.847 (4), Stats. On November 7, 1969, a summons and complaint were also served on defendant at its last known address, by leaving a copy with one Francis J. Gerlitz, officer, and by personal service on James J. Kux, the last known president of the company, pursuant to sec. 262.06 (5).

Defendant answered, objecting to jurisdiction of the court on the ground that it did not do business in

Wisconsin. The answer asked judgment dismissing the complaint for lack of jurisdiction, or in the alternative, on the merits.

April 27, 1970, plaintiff moved the court for an order declaring that valid service had been made and that the court had jurisdiction over defendant. The motion was supported by an affidavit which recited that the die-cast machines were purchased from the defendant in 1961, and an affidavit containing no dates which reflected that defendant had periodically rendered service and maintenance on the machines.

June 8, 1970, plaintiff moved the court for an order to strike the answer of the defendant. The motion was based upon the allegation that the defendant had transacted business in Wisconsin and did not have a certificate of authority on file, pursuant to sec. 180.847, Stats.

June 9, 1970, the trial court granted plaintiff's motion to order defendant to produce all documents, advertising, and names of personnel, relative to the sale, delivery or servicing of any goods or merchandise of the defendant in Wisconsin, and the names and addresses of all purchasers thereof. The response to this discovery order contained items of advertising, one dated 1962, the other items undated; the names of three of the personnel of defendant, including James J. Kux, with no dates specified, and related that two of these former personnel were presently working for the Kux Machine Division of the Wickes Corporation, Des Plaines, Illinois.

June 15, 1970, the trial court made an oral decision on plaintiff's motion, which was subsequently reduced to writing, dated July 24, 1970, and provided:

1. "That the plaintiff's motion regarding the service of process and jurisdiction of the Court over the defendant, Kux Machine Company, Inc., be and the same hereby is granted."

2. "That valid service was had pursuant to Section 180.847 of the Wisconsin Statutes on the defendant, Kux Machine Company, Inc."

3. "That this Court has jurisdiction over the defendant, Kux Machine Company, Inc."

4. "That the plaintiff's motion to strike the answer of the defendant, Kux Machine Company, Inc., considered by this Court as equivalent to a demurrer, be and the same hereby is denied."

5. "That the defendant, Kux Machine Company, Inc., be allowed to amend its answer to set forth as a jurisdictional defense that the action was not commenced within the time limited by law as set forth in Section 180.787 of the Wisconsin Statutes."

6. "That the plaintiff may timely amend its complaint to include Wickes Corporation as a party defendant subsequent to any appeal that may be taken from this order."

Between the date of the oral decision and the written decision on plaintiff's motion, and pursuant to leave of the court, the defendant filed an amended answer objecting to the jurisdiction of the court on the ground that the summons and complaint were not served within the time limited by law in that defendant did not exist for more than two years preceding the date of service of the summons and complaint. Plaintiff demurred to the amended answer on the ground that defendant did not have legal capacity to maintain an answer under sec. 180.847 (1), Stats.

August 12, 1970, the trial court overruled the plaintiff's demurrer to the amended answer.

October 6, 1970, the trial court filed an order amending its order of July 24, 1970, to further provide: "That the oral motion of the defendant, Kux Machine Company, Inc., objecting to the jurisdiction of this Court on the grounds of the two-year statute of limitations under Section 180.787 be and the same hereby is denied."

Plaintiff appeals from the order overruling plaintiff's demurrer to the amended complaint.

Defendant cross-appeals from an order granting plaintiff's motion that service of process on defendant was valid and that there was jurisdiction over defendant, and also from the order denying defendant's motion to dismiss for want of jurisdiction.

An amended complaint was filed which named Travelers Indemnity Company, alleged liability insurer of Kux Machine Company, Inc., as party defendant. Plaintiff subsequently agreed to an abatement of the cause of action against Travelers pending a determination of the liability of the defendant. Therefore, Travelers Indemnity Company is not a party to this appeal.

### *Jurisdiction.*

From the very beginning of these proceedings, the defendant has challenged the jurisdiction of the trial court. During the process of the determination of the several motions, many peripheral issues were considered. However, the pivotal issue as to the status of the defendant corporation as it related to the date of plaintiff's injury, *i.e.*, December 8, 1966, was never resolved in the manner prescribed by statute and the case law of this state. We deem this to be essential in determining the issue of jurisdiction. The procedure to be followed in the trial court is set forth in sec. 262.16, Stats.:

"262.16 **Raising objection to personal jurisdiction, general appearance. . . .**

"(2) HOW AND WHEN OBJECTION SHALL BE MADE. An objection to the court's jurisdiction over the person is not waived because it is joined with other defenses or motions which, without such objection to jurisdiction, would constitute a general appearance. Such objection shall be raised as follows:

". . . .

"(c) By answer in all other cases.

"· · · ·

"(3) JURISDICTION ISSUES TRIED TO COURT. All issues of fact and law raised by an objection specified in sub. (2) shall be tried to the court without a jury in advance of any issue going to the merits of the case. . . ."

In *Pavalon v. Thomas Holmes Corp.* (1964), 25 Wis. 2d 540, 547, 131 N. W. 2d 331, this court considered the foregoing statutory provisions, and stated:

"In order to carry out the underlying intent of this provision so as to permit one in appellant's position to attack the personal jurisdiction of the court and also demur to the sufficiency of the complaint, we hold that the jurisdiction issue may be raised by motion served with the demurrer. Such motion should be supported by an accompanying affidavit setting forth all material facts relied upon by movant to show the court's lack of personal jurisdiction. Where such a procedure is followed it is then the duty of the trial court under sub. (3) of sec. 262.16, Stats., to try the jurisdictional issue first before passing on the demurrer which raises an issue on the merits. We deem it advisable to point out that at such trial of the jurisdictional issue the allegations of a verified complaint are not to be considered as evidence tending to establish jurisdiction except for the limited purpose of determining the type of action." [1]

The issue of jurisdiction cannot be determined from the present record and a jurisdictional trial is necessary. The initial issue to be determined at a jurisdictional trial must concern the date of the alleged dissolution of the defendant corporation as it relates to the time of the accident.

[1] *See: Sivyer Steel Casting Co. v. American Steel & Pump Corp.* (1966), 32 Wis. 2d 555, 146 N. W. 2d 476; *Stroup v. Career Academy of Dental Technology* (1968), 38 Wis. 2d 284, 293, 156 N. W. 2d 358.

It is the rule that when a corporation becomes defunct by dissolution in the state of its creation, it is defunct in every other state unless such other state has also granted it a charter. *Title Co. v. Wilcox Building Corp.* (1937), 302 U. S. 120, 58 Sup. Ct. 125, 82 L. Ed. 147; 17 Fletcher, *Cyc. Corp.* (perm. ed.), p. 935, sec. 8580, and cases cited therein; Restatement, *Conflict of Laws,* p. 228, sec. 158. This court is in accord with that conclusion in *Turner v. Goetz* (1924), 184 Wis. 508, 511, 512, 199 N. W. 155:

". . . [C]orporations may come into existence only upon such terms as the legislature of the state of their creation may prescribe. Having been brought into existence under the law of a sovereign state, they become artificial persons. They may move from place to place within the state, may transact business in other states and other countries; subject, however, to such limitations as may be imposed by the states or countries in which they *seek* to do business, as they have not the right of natural persons. *Wherever they may go, their existence, however, is referable to the laws of the state of their creation.*" (Emphasis supplied.)

In *Oklahoma Gas Co. v. Oklahoma* (1927), 273 U. S. 257, 259, 260, 47 Sup. Ct. 391, 71 L. Ed. 634, the Supreme Court of the United States stated the effect of corporate dissolution on pending litigation:

". . . It is well settled that at common law and in the Federal jurisdiction a corporation which has been dissolved is as if it did not exist, and the result of the dissolution can not be distinguished from the death of a natural person in its effect. [Citations omitted.] It follows therefore that, as the death of the natural person abates all pending litigation to which such a person is a party, dissolution of a corporation at common law abates all litigation in which the corporation is appearing either as plaintiff or defendant. To allow actions to continue would be to continue the existence of the corporation *pro hac vice.* But corporations exist for specific purposes, and only by legislative act, so that if the life of the corporation is to continue even only for litigating

purposes it is necessary that there should be some statutory authority for the prolongation. The matter is really not procedural or controlled by the rules of the court in which the litigation pends. It concerns the fundamental law of the corporation enacted by the State which brought the corporation into being."

*See also: Defense Corp. v. Lawrence Co.* (1949), 336 U. S. 631, 69 Sup. Ct. 762, 93 L. Ed. 931; *Title Co. v. Wilcox Building Corp., supra; Melrose Distillers v. United States* (1959), 359 U. S. 271, 79 Sup. Ct. 763, 3 L. Ed. 2d 800; *Sedgwick v. Beasley* (D. C. Cir. 1949), 173 Fed. 2d 918; *United States v. Line Material Co.* (6th Cir. 1953), 202 Fed. 2d 929.

Therefore, it is only by statutory authority of the state of incorporation that the life of a corporation may be prolonged for litigation purposes. An examination of Illinois statutes, ch. 32, sec. 157.94 and sec. 180.787, reflect that both statutes are in substantial conformance with sec. 105 of the Model Business Corporation Act [2] as it relates to prolonging the life of a corporation for two years after the date of its dissolution.

It appears that this section of the Model Act has been infrequently construed. In *Bishop v. Schield Bantam Co.* (D. C. Iowa 1968), 293 Fed. Supp. 94, it was determined that a tort action commenced more than three and one-half years after dissolution was barred by what is now sec. 105 of the Model Act as adopted by the Iowa statutes:

"Cases construing the Model Act, although sparse, are relevant to the issues presented by this motion. See Bar Committee Source, Iowa Code Ann. § 496.102. In distinguishing the Ohio statute from § 98 of the Model Act it was stated:

[2] In 1969 the Model Act was amended and renumbered. Present sec. 105 reflects the renumbering of sec. 98. However, no change was made in the text.

" 'The court has reviewed the statutes of several states treating on this matter of the continued existence of a dissolved corporation for purposes of litigation, and finds that there is a wide range of phraseology therein. Many of the said statutes, however, bear a strong resemblance to section 98 of the Model Business Corporation Act. Section 98, in its pertinent part, provides that dissolution of a corporation shall not take away or impair any remedy available against such corporation for any right or claim existing, or any liability incurred, prior to dissolution. It is, therefore, quite clear that under the Model Business Corporation Act, and those state statutes patterned after it, a corporation may be sued for predissolution torts only.' Chadwick v. Air Reduction Company, D. C., 239 F. Supp. 247, 251 (1965)." *Bishop v. Schield Bantam Co., supra,* 95.

In *Chadwick v. Air Reduction Co.* (D. C. Ohio 1965), 239 Fed. Supp. 247, it was held that an Ohio statute containing the two-year limitation did not bar a post-dissolution tort action because the Ohio legislature had expressly added the following language to that of the Model Act, "or which would have accrued." In *Chadwick,* it was determined the addition of the foregoing language would have no meaning unless it was construed to mean post-dissolution claims. However, neither the Wisconsin nor Illinois legislature has seen fit to so modify the language of the Model Act.

The issues considered by the trial court relating to transacting business or doing business in Wisconsin and service of process on foreign corporations under various situations, all must be related directly to the corporate status of the defendant foreign corporation. If, in fact, the defendant corporation was dissolved, the applicable Illinois statute on dissolution must be considered in relation to the date of the injury sustained by the plaintiff. If the defendant corporation was dissolved under the Illinois statute and the statutory time for prosecution of actions barred by the statutory two-year

period, then it matters not whether defendant corporation was at some prior time during its corporate existence, doing business in Wisconsin without a license. On the other hand, if defendant was a viable foreign corporation, subject to suit at the time of the injury, then the Wisconsin statutes on service of process on foreign corporations doing or transacting business in Wisconsin become significant.

It appears from the trial judge's decision and statements of counsel that the two-year dissolution provision of sec. 180.787, Stats., may have been considered a statute of limitation. In *Bishop v. Schield Bantam Co., supra,* the Iowa court so considers a similar statute. However, we are of the opinion that the two-year dissolution provision is not a two-year statute of limitation within Wisconsin case law precedent.

We consider the opinion of the court in *United States v. Palakow* (D. C. Wis. 1969), 298 Fed. Supp. 1378, to be a correct statement of Wisconsin precedent. In *United States v. Palakow, supra,* page 1381, the court held:

"In Wisconsin, the state supreme court has consistently held that a 'statute of limitations' extinguishes both the right and the remedy. Maryland Casualty Co. v. Belesnay, 245 Wis. 390, 14 N. W. 2d 177 (1944); First National Bank of Madison v. Kolbeck, 247 Wis. 462, 19 N. W. 2d 908, 161 A. L. R. 882 (1945). However, § 180.787 by its terms provides that the dissolution of a corporation shall not take away or impair any *remedy* available to or against the corporation if action is commenced within two years. The statute is silent with respect to abolition of the right. The conclusion that § 180.787 is not a statute of limitation, as that term is defined in Wisconsin, is bolstered by the fact that the Wisconsin statutes of limitation are contained in Chapter 893, Wis. Stats. (1967).

"In Maryland Casualty Co. v. Belesnay, 245 Wis. 390, 393, 14 N. W. 2d 177, 178 (1944), the court said:

" 'In Wisconsin the running of the statute of limitations *absolutely* extinguishes the cause of action for in

Wisconsin limitations are not treated as statutes of repose. The limitation of actions is a right as well as a remedy, extinguishing the right on one side and creating a right on the other, which is as of high dignity as regards judicial remedies as any other right *and it is a right which enjoys constitutional protection.*' (Emphasis added.)"

Illinois has also construed its limitation on actions by or against dissolved corporations, which is comparable to sec. 180.787, Stats., in terms of the capacity to sue or be sued, rather than in terms of a statute of limitation. *O'Neill v. Continental Illinois Co.* (1950), 341 Ill. App. 119, 93 N. E. 2d 160.

Appellant contends that the two-year limitation on actions by or against a corporation after its dissolution, embodied in sec. 180.787, Stats., has been tolled by sec. 893.30. We do not agree. *Globig v. Greene & Gust Co.* (D. C. Wis. 1961), 193 Fed. Supp. 544, made sec. 893.30 applicable to noncomplying foreign corporations notwithstanding the fact that service could be under sec. 180.847 (4).[3] However, we believe such a

---

[3] "180.847 **Transacting business without certificate of authority.**
". . .

"(4) A foreign corporation transacting business in this state without a certificate of authority, if a certificate of authority is required under this chapter, shall by so doing be deemed to have thereby appointed the secretary of state as its agent and representative upon whom any process, notice or demand may be served in any action or proceeding arising out of or relating to any business so transacted within this state. Service of such process, notice or demand shall be made by serving a copy upon the secretary of state or by filing such copy in his office, and such service shall be sufficient service upon said foreign corporation, provided that notice of such service and a copy of the process, notice or demand are within 10 days thereafter sent by mail by the plaintiff to the defendant at its last known address, and that the plaintiff's affidavit of compliance herewith is appended to the process, notice or demand. The time within which the defendant may demur or answer shall not start to run until 10 days after the date of such mailing. The secretary of state shall keep a

holding is predicated upon there actually being a foreign corporation in existence at the crucial time.

Also, sec. 180.787, Stats., refers to "corporation," which, by definition under sec. 180.02, specifically excludes a foreign corporation. Furthermore, as previously stated, sec. 180.787 is not a statute of limitations such as is found in sec. 893.30.

Appellant also cites sec. 226.12, Stats., for the proposition that defendant is amenable to suit in Wisconsin:

"226.12 **Liability of inactive foreign corporation.** An action for the recovery of money may be commenced and prosecuted against a foreign corporation although such corporation may have ceased to act as a corporation in the same manner as though it had not so ceased to act; and the judgment may be enforced against property in this state which such corporation has any interest in or would have an interest in had the same not ceased to act as aforesaid, whether held or controlled by it or by a trustee, assignee, agent or other person for the use and benefit in whole or in part of such corporation or the creditors thereof or both."

It is true that a state may provide for a means of adjudication against a foreign corporation with reference to its property or status within the state. *Fond du Lac Cheese & Butter Co. v. Henningsen Produce Co.* (1909), 141 Wis. 70, 123 N. W. 640. This is true even when the foreign corporation has been legally dissolved in the state of its creation. *Clark v. Williard* (1934), 292 U. S. 112, 54 Sup. Ct. 615, 78 L. Ed. 1160; and *McGoon v. Scales* (1870), 76 U. S. (9 Wall.) 23, 19 L. Ed. 545. However, in view of the fact that a corporation's existence and its capacity to be sued is governed by the state of its creation, or where it is certified to do business, sec. 226.12 can have no application where, as here, there is no evidence that the foreign corporation has assets

record of all such processes, notices and demands which shows the day and hour of service, and the date of mailing."

within the state of Wisconsin and it is not certified to do business here.

Appellant further contends that the defendant has waived its right to rely on the defense of dissolution by failing to plead it. It is clear that in Wisconsin, an objection to the jurisdiction of the court is not waived because it is joined with other defenses. *Pavalon v. Thomas Holmes Corp., supra;* sec. 262.16, Stats. 1969. The defendant has consistently maintained its jurisdictional objection by alleging that it was not doing business in the state of Wisconsin. Furthermore, the defense of dissolution may be encompassed within an allegation of not doing business. In *Chaplin v. Selznick* (1944), 293 N. Y. 529, 58 N. E. 2d 719, a majority of the court held that where a California corporation, doing business in New York, had been formally dissolved in California and all of its assets had been distributed prior to service of process in New York, it had ceased doing business in New York for purposes of service of process.

*Does sec. 180.847, Stats., preclude an answer and defense by defendant?*

While not decisive of any issue before us which requires a decision in the present posture of this case, we would observe that it has been held that the term "doing business" is not synonymous with "transacting business," the criterion under sec. 180.847 (1), Stats.[4]

---

[4] ". . . (1) No foreign corporation transacting business in this state without a certificate of authority, if a certificate of authority is required under this chapter, shall be permitted to maintain or defend a civil action or special proceeding in any court of this state, until such corporation has obtained a certificate of authority. Nor shall a civil action or special proceeding be maintained in any court of this state by any foreign corporation or a successor, assignee or grantee of such corporation on any right, claim or demand arising out of the transaction of business by. such corporation in this state at a time when such corporation was

In the recent case of *Nagle Motors v. Volkswagen North Central Distributor* (1971), 51 Wis. 2d 413, 420, 187 N. W. 2d 374, this court stated:

"We therefore cannot assume, even though we had no other clarifying guidelines, that the terms, 'transacting business' and 'doing business,' are to be read interchangeably in these differing contexts.

"Moreover, the two statutes have entirely different purposes.

"The annotations to sec. 180.847 (1), Stats., 22 Wis. Stats. Annot. 298, make it clear that the purpose of that statute was to facilitate the collection of a registration fee. It is apparent that this portion of sec. 180.847 no longer has any function in respect to the acquisition of jurisdiction over a foreign corporation, since the jurisdictional aspects are treated in secs. 180.847 (4) and 262.06 (5)."

In urging that sec. 180.847 (1), Stats., precludes a defense by a noncomplying foreign corporation, the plaintiff directs our attention to the unquestioned longevity of sec. 1770 (b) (Rev. Stats. of 1898), the predecessor to sec. 180.847, to support the proposition that denying a noncomplying corporation the right to defend is a valid constitutional exercise of legislative authority. Under that section, a contract was wholly void as to a defendant foreign corporation if it failed to file a copy of its charter or articles of incorporation with the secretary of state. In *Rib Falls Lumber Co. v. Lesh & Mathews Lumber Co.* (1911), 144 Wis. 362, 366, 367, 129 N. W. 595, the court construed this statute so as not to disallow a defense, but only to bar a counterclaim:

". . . If the answer alleges such a defense [which, if established would in whole or in part defeat plaintiff's

without such certificate of authority until a certificate of authority has been obtained by such corporation or, in the case of a successor, assignee or grantee of such corporation, until all fees which were payable by such corporation under this chapter not exceeding the maximum sum of $300 have been paid."

right to recover upon the cause of action alleged in the complaint] . . , then the defendant is entitled to be heard in the case to protect itself against any demand of the plaintiff not warranted by law. The right to defend when sued is well established and recognized. As stated in *Windsor v. McVeigh*, 93 U. S. 274, 277:

" 'Wherever one is assailed in his person or his property, there he may defend, for the liability and the right are inseparable. This is a principle of natural justice, recognized as such by the common intelligence and conscience of all nations.'

"The principle is so well recognized that citation of authority is unnecessary."

A denial of the right to defend a judicial proceeding raises obvious constitutional objections. 17 Fletcher, *Cyc. Corp.* (perm. ed.), p. 787, sec. 8535; *Windsor v. McVeigh* (1876), 93 U. S. 274, 23 L. Ed. 914; *Hovey v. Elliott* (1897), 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215.

This court has frequently expressed its reluctance to declare a legislative enactment unconstitutional. Every effort will be made to reasonably construe a statute so as to save its constitutionality. We consider sec. 180.847, Stats., should be considered in its entirety. Sec. 180.847 (4) provides a means whereby a defendant may answer or demur to a process served upon it. Appellant would have us so construe these statutes so that a nonresident-defendant corporation could raise only certain limited issues by answer or demur. We do not believe this to be a reasonable interpretation of the legislative intent. The legislative authorization to answer carries with it a comparable right to defend. We, therefore, hold that the provisions of sec. 180.847 constitute a bar to a noncomplying foreign corporation from seeking any affirmative relief.

The order overruling plaintiff's demurrer to the amended answer is affirmed. The other orders of the

342

trial court from which appeal and cross-appeal are taken are reversed. The cause is remanded for a jurisdictional trial of the issue of whether Kux Machine Company, Inc., was dissolved both in law and in fact under the laws of Illinois.

The order of the trial court permitting plaintiff to amend the complaint to include Wickes Corporation subsequent to this appeal is not at issue.

*By the Court.*—Orders affirmed in part, and reversed in part, and cause remanded for further proceedings. No costs allowed to either party.