Hugo Alberto BAZAN, Plaintiff,

v.

KUX MACHINE COMPANY, a Division of Wickes Corporation, a foreign corporation, Defendant.

Civ. A. No. 69–C–267.

United States District Court,
E. D. Wisconsin.

June 14, 1973.

James R. Gass, Milwaukee, Wis., for plaintiff.

Richard S. Gibbs, Milwaukee, Wis., for defendant.

## MEMORANDUM DECISION AND ORDER

REYNOLDS, *Chief Judge.*

This is a personal injury case brought against the purchaser of the company, which manufactured the machine that allegedly caused plaintiff's injuries. The machine was sold to plaintiff's employer in 1961, and plaintiff Hugo Alberto Bazan was injured in an industrial accident in 1966. Plaintiff has also sued the actual manufacturer of the ma-

chine in an action dealt with by the Wisconsin Supreme Court. Bazan v. Kux Machine Co., 52 Wis.2d 325, 190 N.W.2d 521 (1971). The question is whether the defendant here, which purchased almost all the assets of the manufacturer in 1963, can be held liable for injuries caused by the machine manufactured in 1961. Both parties have moved for summary judgment on this question. Applying Wisconsin law, I grant defendant's motion.

■ The general rule is that the sale of assets of a company does not make the buyer liable for damages previously caused by the seller, nor relieve the seller from liability. Plaintiff's counsel argues eloquently and, to me, convincingly that as a matter of social policy, the right of a person injured by a defective product to recover from the manufacturing company should not turn on the subsequent history of that company, especially when the company, though under new ownership, is still extant in the eyes of the public and is still enjoying the benefits of its name and its good will. This argument, however, is directed to the wrong forum. My function is to follow the rule which the Wisconsin Supreme Court would probably follow.*

The Seventh Circuit Court of Appeals recently stated its understanding of the Wisconsin rule:

" * * * The well settled rule of American jurisdictions, including Wisconsin, is that a corporation which purchases the assets of another corporation does not, by reason of succeeding to the ownership of property, assume the obligations of the transferor corporation. [Citations omitted.] Exceptions to this rule exist where (a) the purchasing corporation expressly or impliedly agrees to assume the liabilities of the seller, (b) the transaction amounts to a consolidation or merger of the two companies, (c)

the purchasing corporation is merely a continuation of the selling corporation, or (d) the transaction is entered into fraudulently to escape liability. [Citations omitted.]" Forest Laboratories, Inc. v. Pillsbury Company, 452 F.2d 621, 625 (7th Cir. 1971).

But see Racine Engine & Machinery Co. v. Confectioners' Machinery & Mfg. Co., 234 F. 876 (7th Cir. 1916), and Cotzhausen v. H. W. Johns Mfg. Co., 100 Wis. 473, 76 N.W. 622 (1898), wherein it is held that in Wisconsin the emerging corporation has no liability for the torts of the former even if the transaction was a consolidation.

■ Yet even under the rule suggested by the Seventh Circuit, plaintiff is not entitled to relief. Of the four exceptions allowed, the only one which might apply here is that created for a transaction which amounts to a consolidation of companies. Whether a transaction is in reality a sale of assets or a consolidation depends to a large extent on the circumstances surrounding each particular case. 19 C.J.S. Corporations § 1604 at 1367 (1940).

■ In this case some but not all of the assets of the manufacturer, Kux Machine Company (hereinafter "Kux"), were purchased by the Wickes Corporation for a cash price of $550,500. The assets included furniture, fixtures, inventories, equipment, machinery, vehicles, and other tangible personal property. It also included intangibles such as licenses, trademarks, patents, "together with the good will" of Kux and the right to use the name "Kux Machine." Kux also agreed not to compete in the production of certain items.

Wickes did not acquire Kux's cash, accounts receivable, life insurance policies, prepaid insurance, real estate, or the plant and offices of Kux in Chicago. Wickes did not assume any debts, labor union contracts, employment contracts,

* Though the original manufacturer and the defendant were both Illinois corporations, neither party asks that Illinois law be applied. It should be noted that the law on the questions in this case appears to be uniform throughout the country and particularly in Illinois and Wisconsin.

or liabilities except for a few specified in the contract, and Wickes' sole responsibility under the warranties of Kux was to "repair or replace." Wickes did not retain in any way the board of directors, the officers, or the management personnel of Kux, nor does plaintiff allege that any of the owners of Kux acquired any interest in Wickes. Finally, the contract provided that the existing creditors of Kux would be compensated.

What remained of Kux after the transaction continued in operation under the new name of Kumco for about ten months when it was dissolved, as required by the contract. Two weeks after the contract was signed, Wickes incorporated the defendant, Kux Machine Company, which has since done business as Kux Machine Division (hereinafter "Kux Division"). In all its advertisements, Kux Division has identified itself with Kux, and its product line and operations have been the same as those of Kux.

It is certainly true that calling the contract a sale of assets does not prevent it from being in fact a consolidation. Since the Wisconsin Supreme Court has never identified the factors that distinguish a sale of assets from a consolidation, my function is to determine from all indicia the factors they would most likely consider. Cases from other jurisdictions make it clear that the Wisconsin Supreme Court would be standing alone if they found this a consolidation. A consolidation has never been found when, as here, the selling company continued in operation as an independent company for a substantial period of time, when the transaction involved solely a cash sale rather than an exchange of stock, and, perhaps most importantly, when none of the owners, executives, or managing personnel of the seller acquired any interest in the buyer. Helvering v. Metropolitan Edison, 306 U.S. 522, 529, 59 S.Ct. 634, 83 L.Ed. 957 (1939); Sterling v. Mayflower Hotel Corp., 33 Del.Ch. 293, 93 A.2d 107, 38

A.L.R.2d 425 (1952); Kloberdanz v. Joy Mfg. Co., 288 F.Supp. 817, 820 (D.Colo. 1968); International Ass'n of Machinists and Local Lodge No. 954 v. Shawnee Industries, Inc., 224 F.Supp. 347, 352 (W.D.Okl.1963); Farris v. Glen Alden Corp., 393 Pa. 427, 143 A.2d 25 (1958). The case of McKee v. Harris-Seybold Co., Division of Harris-Intertype Corp., 109 N.J.Super. 555, 264 A.2d 98 (1970), is particularly persuasive authority, since the seller sold its name and its good will and agreed to change its name and not to compete. Indeed the situation in that case more closely resembled a consolidation, since some shares of the seller were exchanged for shares of the buyer and since the seller's vice-president, secretary and treasurer remained employed with the buyer for one year. Yet the court had little difficulty in finding that the transaction was a sale of assets:

> " * * * When one company purchases all the assets of another, it is to be expected that the purchasing corporation will continue the operations of the former, but this does not by itself render the purchaser liable for the obligations of the former. For liability to attach, the purchasing corporation must represent merely a 'new hat' for the seller. * * * " 264 A.2d 106.

Defendant's position is further strengthened because the transaction did not impair the rights of the seller's creditors even though the buyer did not assume all the seller's liabilities.

Nothing indicates that the position of the Wisconsin Supreme Court in related matters is such that they would decline to follow the prevailing approach on this issue. Accordingly, I cannot conclude that they would find this purported sale of assets to be in substance only a consolidation of companies.

It is therefore ordered that defendant's motion for summary judgment dismissing this action be and it hereby is granted.