## Dillman Brothers Asphalt Co., Inc., Petitioner v. Commissioner of Internal Revenue, Respondent

Docket No. 4238-73.    Filed August 5, 1975.

*V. Downing Edwards,* for the petitioner.
*F. Patrick Matthews,* for the respondent.

### OPINION

Drennen, *Judge:* By notice of deficiency mailed to petitioner on March 14, 1973, respondent determined deficiencies in petitioner's income taxes for the years 1966 and 1969 in the amounts of $1,342.64 and $69,557.91, respectively. The petition herein was filed June 8, 1973, in which it was alleged, inter alia, that inasmuch as petitioner was dissolved February 17, 1970, respondent was without jurisdiction to determine a tax deficiency against petitioner on March 14, 1973. Respondent's answer having been filed, the parties were notified on February 26, 1975, that the case was set for trial in Milwaukee, Wis., on June 2, 1975.

On March 13, 1975, petitioner filed a Motion For Summary Judgment on the ground that the "Commissioner was without jurisdiction to assess a deficiency against the Petitioner and was barred from assessing such a deficiency when the Commissioner issued his 90-day Notice of Deficiency by Wisconsin Statutes sec. 180.787." The parties on April 25, 1975, filed a joint motion to continue the trial of the case and to submit the motion for summary judgment on a stipulation of facts. On May 19, 1975, respondent filed a Motion To Dismiss For Lack of Jurisdiction on the grounds that pursuant to Rule 60(c) of the Rules of Practice and Procedure, United States Tax Court, and Wisconsin Statutes Annotated section 180.787, the petitioner lacked the capacity to commence this litigation when the petition was filed.

On June 2, 1975, the Court took both motions under advisement on the stipulation of facts filed by the parties and

both parties have filed briefs.[1]

The stipulated facts in pertinent part are as follows:

Dillman Bros. Asphalt Co., Inc. (hereinafter petitioner), was a Wisconsin corporation having its principal office at Lancaster, Wis. It filed its corporate income tax return for 1966 with the District Director of Internal Revenue at Milwaukee, Wis., on March 16, 1967, and its corporate income tax return for 1969 with the Director of the Internal Revenue Service Center at Kansas City, Mo., on March 19, 1970.

On February 11, 1970, petitioner filed articles of dissolution with the secretary of state of Wisconsin and a certificate of dissolution was issued the same day, both of which were forthwith filed with the register of deeds of Crawford County, Wis., on February 17, 1970.

Petitioner was dissolved and ceased its corporate existence on February 17, 1970. All of its assets, greater in value than the proposed income tax deficiencies asserted against it, were distributed on a pro rata basis on or before February 11, 1970, to Bruce Dillman and Blair Dillman, each of whom held 50 percent of the outstanding stock of petitioner. As a result of the distribution Bruce and Blair Dillman each received over $70,900.55.

By a statutory notice of deficiency sent petitioner on March 14, 1973, respondent determined deficiencies in petitioner's corporate income tax for the years 1966 and 1969, in the amounts of $1,342.64 and $69,557.91, respectively.[2] The mailing of the notice of deficiency was more than 3 years after the dissolution of petitioner was completed, but within 3 years of the filing of petitioner's tax return for 1969.

On February 16, 1973, petitioner and respondent executed a Special Consent Fixing Period of Limitation Upon Assessment of Income Tax for 1969. No other such special consents were executed.

---

[1] Notices of transferee liability were also issued to Bruce Dillman and Blair Dillman, each a 50-percent stockholder of petitioner at the time of dissolution, and they filed separate petitions in this Court, which were assigned docket Nos. 3587-74 and 3594-74, respectively. Both of those petitioners filed motions for summary judgment which were consolidated on May 20, 1975, and were taken under advisement by the Court on June 2, 1975. Disposition of those motions is made in a separate opinion filed on even date herewith.

[2] The 1966 deficiency results from disallowance of a tentative refund made to petitioner upon its application for a net operating loss carryback from 1969 to 1966.

The issue on the merits is whether petitioner incurred any section 1245 gain on the sale of its equipment in 1969.

In its brief in opposition to respondent's motion to dismiss for lack of jurisdiction, petitioner argues that because that motion was filed subsequent to petitioner's motion for summary judgment, petitioner's motion should be decided before the motion to dismiss is heard because if the motion for summary judgment is granted, there will be no need to consider respondent's motion to dismiss. We disagree. The Tax Court, being a court of limited jurisdiction, must first determine whether jurisdiction exists. *Wheeler's Peachtree Pharmacy, Inc.,* 35 T.C. 177 (1960); *National Committee to Secure Justice, Etc.,* 27 T.C. 837 (1957); *First Nat. Bank of Wichita Falls, Trustee,* 3 T.C. 203 (1944); *Southern California Loan Association,* 4 B.T.A. 223 (1926). Therefore, it is appropriate to consider respondent's motion to dismiss prior to consideration of petitioner's motion for summary judgment.

The petition in this case was filed more than 2 years after petitioner was dissolved. Rule 60(c), Tax Court Rules of Practice and Procedure, provides: "Capacity: * * * The capacity of a corporation to engage in such litigation [in this Court] shall be determined by the law under which it was organized." Rule 60(c) merely codified the existing practice of this Court. See *Great Falls Bonding Agency, Inc.,* 63 T.C. 304 (1974); *Wheeler's Peachtree Pharmacy, Inc., supra; Columbia River Orchards, Inc.,* 15 T.C. 253 (1950). See also *Title Co. v. Wilcox Bldg. Corp.,* 302 U.S. 120 (1937), wherein it was stated that the length of time that a corporation continues to exist as a body corporate depends on the law of the State where the corporation was created.

Petitioner was created and dissolved under Wisconsin law. Section 180.787 of the Wisconsin Statutes[3] provides that dissolution of a corporation shall not take away or impair any

---

[3] Wis. Stat. Ann. sec. 180.787 (1959):

The dissolution of a corporation shall not take away or impair any remedy available to or against such corporation, its directors, officers or shareholders, for any right or claim existing or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within 2 years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors and officers shall have power to take such corporate or other action as is appropriate to protect such remedy, right or claim. If such corporation was dissolved by the expiration of its period of duration, such corporation may amend its articles of incorporation at any time during such period of 2 years so as to extend its period of duration.

remedy to or against the corporation, its directors, officers, or shareholders, for any right or claim existing or any liability incurred prior to such dissolution if action or other proceeding thereon is commenced within 2 years after the date of dissolution. It is clear that under Wisconsin law petitioner had 2 years from the date of dissolution within which to commence this proceeding. See *Bazan v. Kux Machine Co.*, 52 Wis. 2d 325, 190 N.W. 2d 521 (1971), interpreting a similar Illinois statute.

The identical issue presented in this case was very recently considered by this Court in *Great Falls Bonding Agency, Inc., supra.* We granted respondent's motion to dismiss for lack of jurisdiction because the corporate petitioner which had been created under Illinois law had been dissolved more than 2 years before the petition was filed and lacked the capacity to institute any legal proceeding. The Illinois statute there involved is very similar to the Wisconsin statute here involved.

Petitioner argues that *Great Falls Bonding Agency, Inc., supra,* was wrongly decided because it failed to take into account the due process rights of the corporation involved, citing *Pierce v. Society of Sisters,* 268 U.S. 510 (1925). The *Pierce* case involved an Oregon statute which would force all parents to send their children between the ages of 8 and 16 to public schools. The Society of Sisters was a legally constituted corporation which operated private schools for children of that age for which it charged tuition. The Supreme Court held that the statute was an unconstitutional infringement on the rights of the complainant because the inevitable result of the statute would be the destruction of the business and property of the corporation's schools. Petitioner argues here that to permit the respondent to issue a notice of deficiency to it and then not allow it access to the courts would destroy its goodwill and good name and thus deprive it of due process of law. We disagree.

First, at this stage of this proceeding we are not concerned with the validity of the notice of deficiency issued to petitioner. We are concerned only with petitioner's capacity to institute this litigation. And, as we pointed out in *Great Falls Bonding Agency, Inc., supra,* dismissal of this case for lack of jurisdiction will not be the occasion for entry of a decision that petitioner is liable for the determined deficiencies. Notices of transferee liability have been sent to petitioner's two former stockholders and they have filed petitions in this Court in docket Nos. 3587-74 and 3594-74.

The merits of the deficiency determined against petitioner can be litigated in those cases. Furthermore, petitioner is a dissolved corporation and has no business or goodwill. The *Pierce* case is inapposite.[4]

Respondent's motion to dismiss for lack of jurisdiction will be granted. Petitioner's motion for summary judgment need not be considered.

*An appropriate order will be entered.*

---

[4] The Special Consent Fixing Period of Limitation Upon Assessment of Income Tax for 1969 executed by the parties on Feb. 19, 1973, did not constitute the commencement of any "action or other proceeding." *Wheeler's Peachtree Pharmacy, Inc.,* 35 T.C. 177 (1960). Furthermore the consent was executed more than 2 years after the petitioner was dissolved.