Allen TIFT and Calvin Tift, Barron County Department of Social Services, Plaintiffs-Appellants,

v.

FORAGE KING INDUSTRIES, INC., and Auto-Owners Insurance Company, Defendants-Respondents,

Vernon L. NEDLAND and Woodrow W. Wiberg, d/b/a Forage King Industries or Nedland Welding Works, Defendants.†

Court of Appeals

*No. 80–1724.  Submitted on briefs March 24, 1981.—*
*Decided April 27, 1981.*
(Also reported in 306 N.W.2d 289.)

† Petition to review granted.

For the appellants the cause was submitted on the briefs of *David M. Erspamer* and *Cwayna, Novitzke, Byrnes, Gust & Williams* of Amery.

For the respondents the cause was submitted on the brief of *Garvey, Anderson, Kelly & Ryberg, S.C.,* of Eau Claire.

Before Donlin, P.J., Foley, J., and Dean, J.

DONLIN, P.J.   Calvin Tift was injured while using a chopper box manufactured by Wiberg, one of Forage King Industries, Inc.'s predecessors in business.   Tift brought this action against Forage King Industries, Inc. (FKI), its insurers, and Wiberg.   In bringing a motion for summary judgment, FKI contended that because the predecessor who had manufactured the box had been a sole proprietor rather than a corporation, no corporate successor liability could exist.   The trial court granted

FKI's motion for summary judgment. Because we conclude that no corporate successor liability can exist in this situation, we affirm.

From 1946 to 1957, Vernon Nedland, as sole proprietor, owned and operated a welding works. In 1957, Nedland sold the business to Woodrow Wiberg, who operated it as a sole proprietorship called Nedland Forage King. Wiberg manufactured chopper boxes and, sometime between 1960 and 1962, built the chopper box involved in Tift's injury. Nedland rejoined the business in 1967 when Wiberg and he formed a partnership continuing Wiberg's operation. The two incorporated the business in 1968. Later in 1968, Nedland sold his interest to Wiberg, who continued to run the business as Forage King Industries, Inc. In 1975, Wiberg sold his interest to the present owner-operator, Tester Corporation.

While operating a chopper box manufactured by Wiberg's sole proprietorship, Tift sustained serious injuries. He brought an action for damages against Nedland, Wiberg, Forage King Industries, Inc., and FKI's insurers. Concluding that no corporate successor liability could exist in this situation, the trial court granted FKI's and its insurers' motion for summary judgment.

When reviewing a summary judgment, this court should apply the same standard applied by the trial court.[1] The court must render summary judgment if no genuine issue as to any material fact exists and the moving party is entitled to a judgment as a matter of law.[2] The facts here are undisputed. The only issue raised concerns a successor corporation's liability for alleged defects in a product manufactured by the sole proprietorship that preceded the corporation.

---

[1] *Board of Regents of the University of Wisconsin System v. Mussallem,* 94 Wis.2d 657, 674, 289 N.W.2d 801, 809 (1980); *Wright v. Hasley,* 86 Wis.2d 572, 579, 273 N.W.2d 319, 323 (1979).

[2] Section 802.08(2), Stats.

The general rule in Wisconsin, as well as a number of other American jurisdictions, is that a corporation that has purchased the assets of another corporation does not succeed to the liabilities of the selling corporation.[3] Liability may be imposed upon the purchasing corporation, however, by applying four well-recognized exceptions to the general rule: (1) if the purchasing corporation expressly or impliedly agreed to assume the selling corporation's liability; (2) if the transaction amounts to a consolidation or merger of the purchaser and seller corporations; (3) if the purchaser corporation is merely a continuation of the seller corporation; or (4) if the transaction is entered into fraudulently to escape liability for such obligation.[4] A fifth exception, called the product line rule, exists in some jurisdictions but has not been adopted in Wisconsin. If the purchasing corporation acquires a business and continues to manufacture the same product under circumstances that imply a continuation, it may be held strictly liable for defects in products manufactured by the seller corporation.[5]

Tift argues that the court should apply either the continuation exception or the product line exception to hold FKI liable for the injuries he suffered. His request, however, requires a massive expansion of the rule as it is applied in Wisconsin. All of the exceptions to the general rule assume that the predecessor, which manu-

---

[3] *Leannais v. Cincinnati, Inc.*, 565 F.2d 437, 439 (7th Cir. 1977); *Bazan v. Kux Machine Co.*, 358 F. Supp. 1250, 1251 (E.D. Wis. 1973).

[4] *Leannais*, note 3, at 439. Because the Wisconsin Supreme Court has never ruled on the issue, the extent of the consolidation and continuation exceptions' applicability in Wisconsin is unclear. See *Bazan*, note 3, at 1252.

[5] *Ray v. Alad Corp.*, 19 Cal.3d 22, 560 P.2d 3, 11 (1977).

factured the defective product, was a corporation.[6]  When a corporation is purchased by a second corporation, the first disappears as a legal entity and, consequently, cannot be sued.  The policy behind imposing liability on the purchasing corporation is based on the rationale that no corporation should be permitted to place into the stream of commerce a defective product and avoid liability through corporate transformations or changes in form only.[7]

Wiberg, however, has not escaped liability either by his formation of first a partnership and then a corporation with Nedland, or by the sale of his interest in the corporation.  Because he operated his business as a sole proprietorship when he manufactured the chopper box, he may still be held liable for Tift's injuries.  Although his pockets as an individual may not be as deep as the corporation's, such a consideration is insufficient to compel this court to so radically expand the present exceptions to the general rule that a corporation shall not be held responsible for the liabilities of its predecessor.

*By the Court.*—Judgment affirmed.

---

[6] Only one case has held a corporation liable for defects in products manufactured by its predecessor when that predecessor was not a corporation but rather a sole proprietorship.  *Cyr v. B. Offen & Co.,* 501 F.2d 1145 (1st Cir. 1974).  In *Cyr,* however, the corporation was composed of former employees and continued to honor old service obligations.  Here, Nedland's connection with the operation was totally severed in 1957.  He rejoined as a partner in 1967, at least five years after the defective box was manufactured.  He had no association with the business when the box was manufactured.  Later the two incorporated and then, in 1975, Wiberg sold his interest to a different corporation.  The business has undergone a number of legal transformations since Wiberg operated it alone.  Furthermore, the present owners had no connection with the operation when the defective box was manufactured.

[7] *Menacho v. Adamson United Co.,* 420 F. Supp. 128, 133 (D. N.J. 1976).