## EASTMAN, GARDINER & CO. v. WARREN.
### No. 9133.

Circuit Court of Appeals, Fifth Circuit.

Jan. 19, 1940.

T. J. Wills, of Hattiesburg, Miss., for appellant.

Fred J. Lotterhos, of Jackson, Miss., J. F. Barbour, of Yazoo City, Miss., and O. B. Triplett, Jr., of Forest, Miss., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment for appellee, who received a broken back and other injuries at the intersection of a public highway and a logging railroad in Mississippi. The verdict of the jury, which is supported by substantial evidence, establishes the fact that the negligence of the appellant in failing to maintain the crossing in a safe condition was the proximate cause of the injury.

The principal point here, and the only one which we deem it necessary to write about, is with reference to the ruling of the trial court in sustaining a demurrer to a special plea in abatement. The plea alleged that appellant, a Delaware corporation, had no legal existence because, since the institution of this action, it had been dissolved under the laws of that state. It further set forth that, prior to such dissolution, the corporation had sold all of its assets and distributed the proceeds to its creditors, paying only a portion of its indebtedness; that said corporation owned no property, either real, personal, or mixed; that none was distributed to its stockholders; and that, therefore, the court below was without jurisdiction to proceed further in this cause.

The argument of appellant ignores the fact, of which we take judicial notice, that the statutes of Delaware extended appellant's life as a corporation for three years for the purpose of suing and being sued. See section 2074 of the Revised Code of Delaware for 1935. As an additional safeguard, section 2078 of said code expressly provides that dissolution shall be no cause for abatement of any action pending on the date of the dissolution of any corporation. Harned v. Beacon Hill Real Estate Co., 9 Del.Ch. 411, 84 A. 229. Section 2075 permits the appointment of receivers, but their appointment is not mandatory. Statutes prolonging the existence of a dissolved corporation are remedial and should be given a liberal construction. Helvering v. South Penn. Oil Co., 62 App.D.C. 373, 68 F.2d 420.

It is contended that the above statutes do not apply where the corporation, before dissolution, disposed of all of its assets to its creditors. No decision of the State of Delaware is cited to show that the courts of that state have so construed its statutes, and our reading thereof does not lead us to such conclusion. We think the allegations of the plea did not prevent appellee from prosecuting his suit, and the judgment of the district court should be affirmed.

Affirmed.