## NATIONAL LABOR RELATIONS BOARD v. TIMKEN SILENT AUTOMATIC CO.

Circuit Court of Appeals, Second Circuit.
Aug. 20, 1940.

Charles Fahy, Gen. Counsel, Robert B. Watts, Associate Gen. Counsel, Laurence A. Knapp, Asst. Gen. Counsel, and Bertram Edises and Ramey Donovan, all of Washington, D. C., for National Labor Relations Board.

Alexander & Green, of New York City (H. S. Ogden, of New York City, of counsel), for Timken-Detroit Axle Co., Willard F. Rockwell, Walter F. Rockwell, H. H. Timken, H. W. Alden, R. J. Goldie, M. J. Roberts and W. C. Wood, appearing specially.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

A labor organization known as the Oil Burner Mechanics Association filed charges with the National Labor Relations Board to the effect that The Timken Silent Automatic Company had engaged in unfair labor practices at its place of business in Long Island City, N. Y., contrary to Sec. 8(1) (3) and (5) of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. On November 13, 1935, the Board issued its complaint based on said charges. The complaint was duly served and the respondent filed an answer and moved to dismiss. Hearings were had and there were various proceedings in connection

with the issues raised until on March 17, 1936 the Board made an order requiring the respondent to take designated action. The respondent took exceptions to the Board's decision and moved to amend the order. The motion was denied on April 6, 1936. Following that, and on August 13, 1937, the Board, pursuant to Sec. 10(e) of the National Labor Relations Act filed its petition for the enforcement of its order. On November 22, 1937, the Board was informed that the respondent corporation had been dissolved and moved to remand the cause for further proceedings. This motion was granted. Thereupon, pursuant to notice to the respondent, to the Timken-Detroit Axle Company, a Michigan corporation; and to the labor organization which had filed the charges; further hearings were had in May and July 1938. The respondent moved to dismiss on the ground that the Board had lost jurisdiction over it because of its dissolution before any decision and order had been made and the Timken-Detroit Axle Company, appearing specially by the same counsel, moved to dismiss on the ground that no charges had been filed against it and no employees of it were concerned in the proceeding. These motions were both denied and, after the usual proceedings were had, the Board made its decision and entered the order which it now is seeking to enforce against both the respondent and the Timken-Detroit Axle Company. The respondent and the Timken-Detroit Axle Company have both here moved to dismiss the petition to enforce for the same reasons.

The respondent, the wholly owned subsidiary of the Detroit-Timken Company, was organized under the laws of Michigan long before the passage of the National Labor Relations Act. It was in the oil burner business until its charter expired on January 31, 1936. Since then it has had no corporate existence except such as was continued by the Michigan statute relating to the winding up of dissolved corporations. Sec. 75 of the General Corporation Law of Michigan, as amended, Comp.Laws Supp.Mich.1940, § 10135-75.

This statute provides that corporations whose charters have expired shall be continued as bodies corporate for three years with certain extensions "for the purpose of prosecuting and defending suits for or against them and of enabling them gradu-ally to settle and close their affairs and to dispose of and convey their property and to divide their assets; but not for the purpose of continuing the business for which such corporations were organized * * *."

Proceedings before the National Labor Relations Board are not of such a nature that they can be said strictly to be suits against those who are made respondents and in that respect to fall clearly within the Michigan statute. They are, however, the initial stages leading up to the right to file petitions such as this for the enforcement of orders made in them, or for the modification or reversal of such orders. Such petitions are analogous to suits and the prior proceedings before the Board are essential to the fulfillment of the statutory conditions precedent to invoking such judicial action. The Michigan statute is remedial and should, we think, be construed with sufficient liberality to prevent the loss of jurisdiction, already duly obtained by the Labor Board, by the dissolution of a corporate respondent. It may be that though the Board's jurisdiction is not wholly lost that the scope of its order may be somewhat curtailed in view of the fact that even under the Michigan statute the corporation ceases to exist for the purpose of continuing the business for which it was organized. An order which required for its compliance the continuation of such a respondent's business as, for instance, the re-employment of unlawfully discharged employees might well be beyond the power of the Board but that issue is not now before us. For the present we merely hold that the motion to dismiss this petition as to the original respondent is not well taken and should be denied.

The motion by the Timken-Detroit Axle Company rests on wholly different grounds. Although the original respondent was its wholly owned subsidiary there is no showing here made which gives sufficient ground for disregarding the separate corporate existence of the two. No control by the parent may be said to have wronged or defrauded anyone with whom these proceedings are concerned and without proof of that sort of dominance the parent stockholder is not to be treated as one with the subsidiary corporation. Finley v. Union Joint Stock Land Bank, 281 Mich. 214, 274 N.W. 768; Gledhill v. Fisher & Co., 272 Mich. 353, 262 N.W. 371, 102 A.L.R. 1042; Kingston

Dry Dock Co. v. Lake Champlain Transportation Co., 2 Cir., 31 F.2d 265. Nor does an agreement to assume and discharge the obligations of the subsidiary operate as a merger of the two. Whatever rights and obligations may arise from that fall short of making the two corporations one entity in law and that alone is of present importance.

■ As the Detroit-Timken Axle Company is to be treated as a corporation apart from the original respondent, the motion to dismiss as to it must be granted for the reason, at least, that the only employees involved in the proceedings and the order sought to be enforced are those of the original respondent and not those of the Timken-Detroit Axle Company. National Labor Relations Board v. National Casket Co., 2 Cir., 107 F.2d 992; Phelps-Dodge Corporation v. National Labor Relations Board, 113 F.2d 202, 2 Cir., decided July 11, 1940.

The motion of the Timken Silent Automatic Company is denied; that of the Timken-Detroit Axle Company is granted.

CLARK, Circuit Judge (dissenting in part).

I concur in the denial of Timken Silent Automatic's motion to dismiss, but believe that a like disposition should be made of Timken-Detroit Axle's similar motion. Both these motions challenge our jurisdiction in the premises. Whatever may be the merits of the issues here presented, I think there can be no question of the jurisdiction of this court under § 10(e) of the National Labor Relations Act, 29 U.S.C.A. § 160(e), to adjudicate those issues on the Board's petition for enforcement of its order. The Axle Company had notice of all the supplementary proceedings before the Board; its interests were ably protected throughout them by the counsel who support this motion; and it is actually before us asserting its rights with determined vigor. Our power to act, whether it be to protect its interests or to uphold the Board's order, surely exists. And that is the only question which, in my judgment, is properly before us on this motion.

An adjudication of the merits of the issue whether Axle must carry out the Board's order as successors and assigns of Silent Automatic should await consideration of the full record, with briefs and argument directed to the question of the validity and effect of the Board's Supplemental Findings and Order. Though not before us on the brief argument had of these motions, there appears in our files a "Supplemental Transcript of Record," a volume of over five hundred printed pages. Therein appears extensive evidence offered to support detailed findings of the Board of such relevant facts as that Silent Automatic was a wholly owned subsidiary of Axle, that Axle dictated Silent Automatic's labor policies and controlled and dominated its affairs, that Axle caused dissolution of Silent Automatic, conveyed all the latter's assets to itself, and assumed all of the latter's obligations with complete notice of the proceedings before the Board. Such findings, it seems to me, bring the case squarely within precedents such as National Labor Relations Board v. Hopwood Retinning Co., 2 Cir., 104 F.2d 302, and Union Drawn Steel Co. v. National Labor Relations Board, 3 Cir., 109 F.2d 587, 594, and, if supported by the evidence, require Axle to execute the Board's order against its predecessor subsidiary. And such findings should not be rejected on a preliminary challenge to jurisdiction and without careful examination of the supporting evidence.

Moreover it seems to me that our decision herein cannot fail to be confusing, if not misleading, to the parties concerned. For in National Labor Relations Board v. Hopwood Retinning Co., supra (104 F.2d 302), we decided that the "successor" company could be held in contempt of an enforcement order of this Court, even though we had declined previously (98 F. 2d 97) to include it as a party expressly named in the order.