PELICAN OIL & GASOLINE CO., Inc., et al.
v. COMMISSIONER OF INTERNAL
REVENUE.

No. 9957.

Circuit Court of Appeals, Fifth Circuit.

June 2, 1942.

Rehearing Denied June 29, 1942.

Sidney L. Herold, of Shreveport, La., for petitioner.

F. E. Youngman, Sewall Key, J. Louis Monarch, and Arthur A. Armstrong, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and C. R. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The Commissioner assessed additional income taxes for fiscal years ending May

31, 1936 and 1937 against Pelican Oil and. Gasoline Company, a corporation of Louisiana, and mailed it notice on August 5, 1940. Within ninety days a petition was filed in its name for redetermination before the Board of Tax Appeals. On the ground that the Company had been dissolved as a corporation in 1936, the petition was dismissed.

No evidence appears to have been taken on the motion to dismiss, and the statements of the petition alone must be looked to. It says: "Petitioner was incorporated under the laws of the State of Louisiana with its domicile in the city of Shreveport; it was dissolved as a corporation on the 25th day of July, 1936, at which date Wm. M. Phillips, who appears here in that capacity, was appointed liquidator, which position he now holds, with full and complete authority to appear for and in behalf of petitioner corporation in respect of all matters until the completion of the liquidation." These allegations are conclusions of law not admitted by the motion to dismiss, except the two statements that the Company was dissolved as a corporation, and Phillips was appointed liquidator, on July 25, 1936. No explanatory or corrective amendment was made. The argument is that on dissolution the corporation ceased to exist, and as a matter of law the liquidator's powers and duties ended, save for one single purpose below stated not involved here. The Louisiana Statute, Act 250, Laws of Louisiana of 1928 (as amended in 1932, Act No. 65), provides in detail the proceedings to dissolve a corporation, either by court proceedings or voluntary action of the stockholders. It was assumed in the argument that voluntary proceedings were had here. According to Section 54, the shareholders resolve that the affairs of the corporation be wound up out of court, and they name a liquidator. By Section 57, unless restrained in the appointment, the liquidator has full power to collect assets, ascertain and settle liabilities, sue and defend suits, and make distribution of the net assets; and by Section 61(II) the liquidator supersedes the directors as to their powers and duties. Section 62 declares that when the "corporation has been completely wound up", the court shall order dissolution, if the proceeding is in court; or if it is not, the "liquidator * * * shall sign and acknowledge a certificate stating that the corporation has been completely wound up and is dissolved", which order or certificate of dissolution shall be delivered to the Secretary of State who shall file the same in his office, "and thereupon the corporate existence shall terminate, and the Secretary of State shall issue a certificate of dissolution" to. be recorded in the parish where the corporation did business. There is no extension of the Liquidator's functions thereafter, except that in the same section it is provided that any assets omitted from the winding up shall vest in the liquidator for the benefit of those entitled and be distributed accordingly. No assets are here involved.

It is certainly unusual that this liquidator, with an appointment effective July 25, 1936, should have been able to dissolve his corporation the same day. That there was a dissolution in 1936 is clearly stated. If so, the liquidator's functions as a litigant ended then, as did his corporation's existence. It is remarkable that a tax, by the express provisions of the federal statute, can be assessed against a dead corporation which has no legal representative. Perhaps neither finality nor presumption of correctness ought to attach to such an assessment if challenged by someone else. We have nothing to do with that question now. On the narrow question presented, we are constrained to hold that this liquidator, under the law of his appointment, can no longer litigate for the corporation which he wound up and dissolved.

Judgment affirmed.