**BAHEN & WRIGHT, Inc. v. COMMISSION-
ER OF INTERNAL REVENUE.**

**No. 5897.**

United States Court of Appeals
Fourth Circuit.

Argued June 20, 1949.

Decided Aug. 17, 1949.

Jules G. Korner, III, and Stanley Worth, of Washington, D. C. (Blair, Korner, Doyle & Appel, of Washington, D. C., on the brief), for petitioner.

Leland T. Atherton, Sp. Asst. to the Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack and Louise Foster, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and CHESNUT, District Judge.

SOPER, Circuit Judge.

This is a petition to review an order of the Tax Court, which dismissed for want of jurisdiction the taxpayer's petition for redetermination of deficiencies in income, declared value excess profits, and excess profits taxes for the years 1941 to 1944. The taxpayer a Delaware corporation, was formally dissolved in accordance with the laws of Delaware on December 31, 1944. After a series of conferences between the Commissioner of Internal Revenue and those charged with winding up the corporate affairs, the Commissioner, on December 30, 1947, one day short of three years from the date of dissolution, issued a final notice of deficiency, advising the taxpayer

that within ninety days it might file its petition for redetermination with the Tax Court. This the taxpayer did on February 25, 1948, well within the ninety day period, but the Tax Court dismissed the petition on the theory that the taxpayer had ceased to exist under Delaware Law, and accordingly there was no proper party petitioner before the court.

Section 2074, of the Revised Code of Delaware of 1935, Delaware Corporation Law, § 42, provides as follows: "All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock but not for the purpose of continuing the business for which said corporation shall have been established; provided, however, that with respect to any action, suit, or proceeding begun or commenced by or against the corporation prior to such expiration or dissolution and with respect to any action, suit or proceeding begun or commenced by the corporation within three years after the date of such expiration or dissolution, such corporation shall only for the purpose of such actions, suits or proceedings so begun or commenced be continued bodies corporate beyond said three-year period and until any judgment, orders, or decrees therein shall be fully executed."

The Tax Court, without citation of Delaware authority, took the view that the action of the Commissioner in sending final notice of deficiency within three years after dissolution was administrative merely and did not constitute the beginning of an "action, suit, or proceeding" against the corporation within the meaning of the Delaware statute, and that the taxpayer's petition for redetermination, although a proceeding on behalf of the corporation, was ineffective because filed more than three years after dissolution.

 In our opinion, the petition should have been entertained. Statutes of this type are broadly remedial and should be liberally construed in order to permit a dissolved corporation to resist any claim made against it within three years after the date of dissolution. Such has been the construction of the Delaware statute in the courts. Eastman, Gardiner & Co. v. Warren, 5 Cir., 109 F.2d 193; International Pulp Equipment Co. v. St. Regis Kraft Co., D.C.Del., 54 F.Supp. 745; see also Helvering v. South Penn Oil Co., 62 App.D.C. 373, 68 F.2d 420; Stark Electric R. Co. v. McGinty Contracting Co., 6 Cir., 238 F. 657. The Delaware statute explicitly provides for continued corporate existence for as long as may be necessary to reach a final determination of any "proceeding" as well as any "action or suit" begun by or against a corporation within three years of its dissolution. The word "proceeding" is obviously broader than action or suit and should be given full effect in order to achieve the fundamental purpose of the statute. See Bowers v. New York & Albany Lighterage Co., 273 U.S. 346, 47 S.Ct. 389, 71 L.Ed. 676, where it was held that a limitation of five years on a "suit or proceeding" for the collection of taxes under Section 250(d) of the Revenue Act of 1921, 42 Stat. 227, 265, was not confined to a suit or proceeding in court, but included also a distraint which was described as an executive proceeding.

The issuance of the Commissioner's notice of deficiency under Section 272 of the Internal Revenue Code, 26 U.S.C.A. § 272, is the first formal step in the assessment and collection of an additional tax without which payment of the tax cannot be enforced. It suspends the collection of the tax for ninety days and is a necessary preliminary to the petition for review which the taxpayer may file with the Tax Court within that period. If the petition is filed, the Tax Court acquires jurisdiction and the collection of the tax remains in abeyance until the court has affirmed, modified or rejected the Commissioner's determination. We think that these several steps may fairly be regarded as parts of an integral administrative proceeding, and that it cannot be said that the proceeding does not begin until the

jurisdiction of the Tax Court is invoked. The court merely takes the final administrative step as "an independent agency in the Executive Branch of the Government." Internal Revenue Code § 1100, 26 U.S.C.A. § 1100; Goldsmith v. United States, 270 U S. 117, 46 S.Ct. 215, 70 L.Ed. 494; Lincoln Electric Co. v. Commissioner, 6 Cir., 162 F.2d 379. But cf. Anderson v. Commissioner, 7 Cir., 164 F.2d 870, 874. Hence the proceeding in the pending case was begun within three years of the taxpayer's dissolution. A similar view has been taken in cases under the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., in which it is held that a suit or proceeding is begun against a defunct corporation when the complaint is filed with the National Labor Relations Board, and not when the Board files its petition for enforcement in the Circuit Court of Appeals without whose decree the Board's order cannot be enforced. See National Labor Relations Board v. Timken Silent Automatic Co., 2 Cir., 114 F.2d 449; National Labor Relations Board v. Weirton Steel Co., 3 Cir., 135 F.2d 494. In the last mentioned case the corporation had been incorporated in Delaware and it was held that the corporate entity was preserved for the purposes of the proceeding before the Board by the Delaware statute, and that the enforcement proceeding in the Circuit Court of Appeals was but a continuation of a proceeding brought within the contemplation of the act.

Irrespective of the Delaware statute, the petition of the taxpayer should be entertained, notwithstanding its corporate dissolution, because it is clearly in harmony with the procedure which Congress has devised for the ascertainment and enforcement of additional tax liability. The federal government is not subject to the limitations of state statutes in such matters, but may impose taxes upon associations or entities whose existence is not recognized by state authority. In Burk-Waggoner Oil Ass'n v. Hopkins, 269 U.S. 110, 46 S.Ct. 48, 70 L.Ed. 183, it was held

that unincorporated stock associations, although partnerships under the state law, were taxable as corporations under the Revenue Act of 1918. The court said, 269 U.S. at page 114, 46 S.Ct. at page 49: " * * * It is true that Congress cannot convert into a corporation an organization which by the law of its state is deemed to be a partnership. But nothing in the Constitution precludes Congress from taxing as a corporation an association which, although unincorporated, transacts its business as if it were incorporated. The power of Congress so to tax associations is not affected by the fact that, under the law of a particular state, the association cannot hold title to property, or that its shareholders are individually liable for the association's debts, or that it is not recognized as a legal entity. Neither the conception of unincorporated associations prevailing under the local law, nor the relation under that law of the association to its shareholders, nor their relation to each other and to outsiders, is of legal significance as bearing upon the power of Congress to determine how and at what rate the income of the joint enterprise shall be taxed."

Again, in Coast Carton Co. v. C. I. R., 9 Cir., 149 F.2d 739, the court sustained a tax deficiency found against a defunct corporation although the state statutes did not provide for the continued existence of a corporation whose charter had expired. It was held that this circumstance did not affect the Commissioner's power to treat the taxpayer as a corporation for income tax purposes since Congress is not limited by state law in the designation of taxable income.

In the exercise of this power, Congress has provided in Section 272(k) of the Internal Revenue Code that notice of a tax deficiency, if mailed to a taxpayer at his last known address, shall be sufficient even if the taxpayer is a corporation whose existence has terminated.[1] This statute itself is sufficient to justify a tax determination against the taxpayer in this case and appropriate steps to enforce the liability, re-

---

[1] A similar provision is found in § 311 (e) of the Internal Revenue Code, 26 U.S.C.A. § 311(e), with respect to notice to the transferees of the property of the taxpayer.

gardless of the provisions of the Delaware state law. The existence of the defunct corporation for tax purposes is thereby recognized; and it may not be supposed that it was the purpose of Congress to authorize the Commissioner to assert such a liability against a dissolved corporation by Section 272(k), and at the same time to deny to such a corporation the right of review which is accorded to "any taxpayer" by Section 272(a). We are not in accord with the authorities which hold that the right of a dissolved corporation to invoke the jurisdiction of the Tax Court depends upon the law of the state of incorporation rather than upon the federal law. See Pelican Oil & Gasoline Co. v. Commissioner, 5 Cir., 128 F.2d 561; Oklahoma Contracting Co. v. Commissioner, 5 Cir., 153 F.2d 770; G. M. Standifer Const. Corp. v. Commissioner, 9 Cir., 78 F.2d 285; 1949 Prentice-Hall Federal Tax Service, 21416.

Reversed and remanded for further proceedings.