**AMERICAN STANDARD WATCH CO., Inc., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**AMERICAN STANDARD WATCH CO., Inc., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**AMERICAN STANDARD WATCH CASE CO., Inc., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

Nos. 103–105, Dockets 23574–23576.

United States Court of Appeals Second Circuit.

Argued Jan. 11, 1956.

Decided Feb. 7, 1956.

Bernard Weiss, New York City (Prew Savoy, Washington, D. C., of counsel), for petitioner.

H. Brian Holland, Ellis N. Slack and Grant W. Wiprud, Washington, D. C., for respondent.

Before CLARK, Chief Judge, and FRANK and LUMBARD, Circuit Judges.

FRANK, Circuit Judge.

Sec. 722(a) provides an equitable adjustment in the excess profits taxes of a corporate taxpayer which makes a showing of a designated kind of facts. There may be three steps in obtaining such relief: (1) under Sec. 722(d) the taxpayer must file a claim for refund within a designated period; (2) if the Commissioner disallows the claim, he must so notify the taxpayer; (3) within ninety days thereafter, the taxpayer must file a petition with the Tax Court for a redetermination of the tax.

The Commissioner concedes that here each taxpayer took the first step in time. The second step, the Commissioner's disallowances which taxpayers could not control, he delayed from some five to nine years. The third step, the filing of Tax Court petitions, each taxpayer took in 1954, within ninety days of the second step. This third step would therefore clearly have been timely taken, had the taxpayer not been dissolved in 1947. But the Commissioner contends that, because of the dissolutions in 1947, taxpayers no longer existed in 1954 when they took the third step, because, under the Rhode Island statute, they had died in 1950 (i. e., three years after their dissolutions). He argues that the filing of the Tax Court petition constituted the commencement of a new proceeding distinct from the previous filing of the refund claims.

We reject this argument. The obvious purpose of the remedial or "equitable" provision of the Code would be frustrated by an interpretation which would thus separate the filing of a refund claim from the filing of the Tax Court petition. We regard them both as but parts of the same "proceeding," which began when, admittedly, each of these corporations still lived. Moreover, the Rhode Island statute provides that a "proceeding" begun within three years of dissolution shall not "abate because of the termination of said period"; the word "proceeding" is broader than "action" and "suit" which are also used in that statute. Thus, whether we turn to the federal or the state statute we reach the same conclusion.

Were the Commissioner's contention accepted, he could, by his own act of delaying his determination, destroy a taxpayer's right to the relief which Congress granted. His position, adopted by the Tax Court, resembles that of Coke in his fortunately unsuccessful attempts to destroy the equitable powers of the Chancellor. The need today for governmental revenue is indeed great, but not so great as to justify, the stingy statutory interpretation the Commissioner here espouses. The country is not that hard up.

In Bahen & Wright v. Commissioner, 4 Cir., 176 F.2d 538 the Fourth Circuit, we think correctly, held that under a state statute like Rhode Island's, the Commissioner's notice of deficiency constituted part of the same "proceeding" as the pursuit of the remedy in the Tax Court. We think the rationale of that decision fits here.[1]

We reject the Commissioner's suggestion that the sole available method of avoiding injustice to these taxpayers was the appointment of receivers in 1947 at the time of the dissolutions, for no purpose except that of filing petitions with the Tax Court, if the Commissioner in his uncontrollable discretion should happen to postpone his determination for more than three years. Surely taxpayers should not have to incur this added expense in anticipation of administrative delay.

Reversed and remanded.

---

1. Cf. Bowers v. New York, Albany Lighterage Co., 273 U.S. 346, 349, 351–352, 47 S.Ct. 389, 71 L.Ed. 676; N. L. R. B. v. Timken Silent A. Co., 2 Cir., 114 F.2d 449, 450 (C.A.2).