THE BARED & COBO COMPANY, INCORPORATED, IN CARE OF JOSE COBO, TRUSTEE, ET AT.,[1] PETITIONERS *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 7929–81, 8350–81, 8632–81.   Filed November 30, 1981.

*Howard A. Setlin* and *Albert Manheim,* for the petitioners.
*James E. Keeton,* for the respondent.

OPINION

DRENNEN, *Judge:* This motion was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the

---

*Judge Hall participated in the deliberations on this case and joined in this opinion during her tenure in office.

[1]Cases of the following petitioners will be discussed herewith: The Bared & Cobo Co., Inc., in care of Howard Freidin, docket No. 8350–81; and The Bared & Cobo Co., Inc., in care of Jose Bared, Trustee, docket No. 8632–81.

provisions of section 7456(c) of the Internal Revenue Code.[2] The Court agrees with and adopts his opinion, which is set forth below.[3]

### OPINION OF THE SPECIAL TRIAL JUDGE

GILBERT, *Special Trial Judge:* These cases are before the Court on respondent's motion to dismiss for lack of jurisdiction.

Respondent determined a deficiency in petitioner's Federal income tax for the period ending January 31, 1978, in the amount of $239,438. Respondent also imposed an addition to tax, under section 6651(a), in the amount of $59.859.50.

Petitioner, the Bared & Cobo Co., Inc., was a corporation which was organized and existed under the laws of Florida. The corporation was dissolved on or about February 1, 1978.

Copies of the statutory notice of deficiency dated January 27, 1981, were mailed to the corporation in care of Jose Bared, Jose Cobo, and Howard Freidin. Bared and Cobo were officers of the corporation, and Freidin was its attorney. Bared, Cobo, and Freidin each filed a petition with the Court contesting the entire amount of the deficiency and the addition to tax. The petitions were filed on April 27, 1981, April 20, 1981, and April 24, 1981, respectively. The three cases thus initiated have not been consolidated, but respondent's motions to dismiss them will be discussed together because the issues involved are identical.

Respondent has filed motions to dismiss each of the three cases for lack of jurisdiction. These motions are based upon respondent's conclusion that, under Florida law, the authority of Bared, Cobo, and Freidin to defend the dissolved corporation against claims expired before their petitions were filed, and that, as a result, the petitions were not filed by proper parties.

Rule 60(c), Tax Court Rules of Practice and Procedure, provides that the capacity of a corporation to litigate in the

---

[2]All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

[3]Since this is a pretrial motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in this particular circumstance, under the authority of the "otherwise provided" language of that Rule.

Tax Court "shall be determined by the law under which it was organized," or Florida law in the present cases. Florida Statutes Annotated section 607.287 (West 1976) provides, in part:

607.297 Survival of remedy after dissolution
   The dissolution of a corporation * * *

   \*     \*     \*     \*     \*     \*     \*

shall not take away or impair any remedy available to or against such corporation, or its directors, officers, or shareholders for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within 3 years after the date of such dissolution.

The question is, therefore, whether an "action or other proceeding" was commenced within 3 years of the dissolution of the corporation, preserving its remedies under Florida law. Respondent argues that the proceedings in these cases were commenced with the filing of the petitions, which occured more than 3 years after the date of dissolution. Petitioner argues that the proceedings were commenced with the mailing of the statutory notices of deficiency, which occurred less than 3 years after the dissolution of the corporation. We agree with petitioner.

The case of *Bahen & Wright, Inc. v. Commissioner,* 176 F. 2d 538 (4th Cir. 1949), revg. an unpublished order of this Court, is directly on point. In that case, involving an identical situation, it was held that the issuance of the Commissioner's notice of deficiency was the first step in a process through which the taxpayer's tax liability is conclusively determined and was therefore encompassed within the word "proceeding" under a comparable Delaware statute. We find that, here, as in the *Bahen & Wright* case, the proceeding against the dissolved corporation was commenced by the Commissioner's statutory notice, and that applicable State law preserved the capacity of the former officers to act in the corporation's behalf to pursue the matter of its tax liability to conclusion. See also *American Standard Watch  Co. v. Commissioner,* 229 F.2d 672, 675 (2d Cir. 1956), revg. an unpublished order of this Court, which dealt with the special situation involving refund claims of excess profits taxes. The following statement by Judge Frank in the opinion in that case is equally applicable here: "The need today for governmental revenue is indeed great, but not

so great as to justify the stingy statutory interpretation the Commissioner here espouses. The country is not that hard up."

Accordingly, respondent's motions will be denied.

*An appropriate order will be entered.*