AMERICAN POLICE AND FIRE FOUNDATION, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
American Police & Fire Foundation, Inc. v. Commissioner
Docket No. 22947-80.
United States Tax Court
T.C. Memo 1981-704; 1981 Tax Ct. Memo LEXIS 37; 43 T.C.M. (CCH) 77; T.C.M. (RIA) 81704; December 14, 1981. *37 Respondent issued a notice of deficiency to petitioner corporation within 3 years after its dissolution. However, petitioner did not file its petition in this Court until after the termination of such 3-year period. Held, within the meaning of 18 Fla. Stat. Ann. sec. 607.297 an "action or proceeding" was begun at least with the issuance of a statutory notice. Accordingly, petitioner has the capacity to file a petition in this Court and respondent's motion to dismiss for lack of jurisdiction is denied. Gregory C. Picken, for the petitioner. Roger D. Osburn and William R. McCants, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: This case is presently before the Court on respondent's motion to dismiss for lack of jurisdiction filed pursuant to Rules 53 and 60, Tax Court Rules of Practice and Procedure. The sole issue for decision is whether petitioner, a corporation, had the capacity to bring a case in this Court at the time it filed its petition on December 22, 1980. Petitioner, a Florida corporation, was legally dissolved under the laws of that state on December 8, 1977. Pursuant to applicable Florida law, such dissolution does not take away or impair any remedy *38 available to or against a corporation for any right or claim existing or any liability incurred prior to such dissolution if action or other proceeding thereon is commenced within 3 years of such dissolution. Within the 3-year period petitioner received a notice of deficiency, dated September 23, 1980, in which respondent determined deficiencies for the taxable years 1973 through 1976 in amounts totaling $ 60,180, and additions to tax pursuant to the provisions of section 6651(a)(1), I.R.C. 1954, in amounts totaling $ 15,045. The statutory notice emanated from an audit that had been commenced in February of 1980. Petitioner mailed its petition to this Court on December 22, 1980, more than 3 years after its date of dissolution. On February 24, 1981, respondent filed a motion to dismiss for lack of jurisdiction on the ground that petitioner lacked the capacity to litigate in this Court. We must decide whether petitioner had the capacity to file a petition on December 22, 1980. [1] If not, we have no jurisdiction over the case and respondent's motion for dismissal must be granted. Dillman Bros. Asphalt Co. v. Commissioner, 64 T.C. 793, 797 (1975); Great Falls Bonding Agency, Inc. v. Commissioner, 63 T.C. 304, 306 (1974). *39 Since the jurisdiction of this Court is limited, questions pertaining thereto are fundamental, and whenever it appears that we may not have jurisdiction to entertain a proceeding, such issue must first be decided. Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 179 (1960); National Committee to Secure Justice, Etc. v. Commissioner, 27 T.C. 837, 839 (1957); First Nat. Bank of Witchita falls, Trustee v. Commissioner, 3 T.C. 203 (1944). Jurisdiction must be shown affirmatively, and the burden of proof of establishing jurisdiction is upon the party asserting its existence, in this case the petitioner. Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, supra at 180; Estate of S.S. Hunter, Inc. v. Commissioner, 26 B.T.A. 259, 265 (1932), *40 affd. without written opinion, (5th Cir. 1933). Rule 60(c), Tax Court Rules of Practice and Procedure, provides that the capacity of a corporation to engage in litigation before this Court shall be determined by the law under which it was organized. Here, petitioner was organized in Florida, and therefore we must look to Florida law to determine whether petitioner can maintain a suit in this Court. Dillman Bros. Asphalt Co. v. Commissioner, supra at 795; Great Falls Bonding Agency, Inc. v. Commissioner, supra at 305. Since January 1, 1976, Florida law has remained unchanged with respect to the survival of corporate remedies. The relevant statute [2] provides in pertinent part as follows: 607.297 Survival of remedy after dissolution The dissolution of a corporation either: (1) By the issuance of a certificate of dissolution by the Department of State; (2) By a decree of court; or (3) By expiration of its period of duration shall not take away or impair any remedy available to or against such corporation, or its directors, officers, or shareholders for any right or claim existing, or any liability incurred, prior to such dissolution if action *41 or other proceeding thereon is commenced within 3 years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. * * * Thus, we must determine whether an "action or other proceeding" was commenced within 3 years after petitioner's dissolution. If, as petitioner contends, either the commencement of the audit by respondent or the ensuing issuance of the notice of deficiency was sufficient to commence an "action or other proceeding" within the intendment of the Florida statute, then a proceeding was initiated within the 3-year statutory period and, despite the subsequent expiration of such period, petitioner retains the capacity to seek relief in this Court. If, however, the "action or other proceeding" was not commenced until the filing of the petition herein, as respondent urges, then the proceeding was begun on the posthumous side of the statutory survival period and we lack jurisdiction to entertain the case. The result hinges entirely upon the definition of the phrase "action or other proceeding." In Bahen & Wright, Inc. v. Commissioner, 176 F.2d 538, 539 (4th Cir. 1949) *42 (revg. an unreported Tax Court order), the Fourth Circuit held that the issuance of a statutory notice of deficiency to a Delaware corporation constituted an "action, suit or proceeding begun or commenced by the corporation within 3 years after the date of expiration or dissolution. " Similarly, it was held in American Standard Watch Co., Inc. v. Commissioner, 229 F.2d 672 (2d Cir. 1956) (revg. an unreported Tax Court order), dealing with the special situation of a refund claim of excess profits taxes, that the filing of a claim for refund within 3 years after the dissolution of a Rhode Island corporation was sufficient "actions, suits or proceedings" by or against the corporation to allow it to file a petition with the Tax Court approximately 7 years after corporate dissolution and approximately 4 years after the normal 3-year period under Rhode Island law. We recently adopted the position of the two Courts of Appeals in the case of Bared and Cobo Company, Inc. v. Commissioner, 77 T.C.     (Nov. 30, 1981), which construed the same Florida statute which is at issue herein. [3] *43 In support of the result we reached in Bared, we note that the commencement of an "action" or "suit" is not necessarily synonymous with the commencement of a "proceeding." A variety of courts have found "proceeding" to carry a broader meaning than "action" or "suit," especially when it is used disjunctively with such terms (as it is in the Florida statute). Parker v. Califano, 561 F.2d 320, 327 (D.C. Cir. 1977); United States v. Frauchtman, 421 F.2d 1019, 1021 (6th Cir. 1970), cert. denied 400 U.S. 849 (1970); Rice v. United States, 356 F.2d 709, 714 (8th Cir. 1966); In re Adoption of a Minor, 136 F.2d 790 (D.C. Cir. 1943); Schroader, Siegfried, Ryan & Vidas v. Modern Electronic Products, Inc., 295 N.W.2d 514, 516 (Minn. 1980); Banach v. State Commission on Human Relations, 277 Md. 502, 356 A.2d 242, 247 (1976). Issuance of a notice of *44 deficiency signals the existence of a contest over tax liability. It constitutes the first formal determination of such liability, a determination which is subject to judicial review in this Court by way of petition for redetermination. See section 6213(a). The statutory notice does more than merely notify the taxpayer of an asserted tax liability. It has the dual effect of restricting the government's power to assess for a fixed period, usually 90 days, [4] and of tolling the statute of limitations on assessment for such period of restriction. [5] Additionally, it is the "ticket to the Tax Court," for the receipt of such notice is the fundamental precondition to the obtaining of relief in this Court. [6] *45 For these reasons, we believe that a proceeding had been commenced at least at the time of the issuance of the statutory notice, and we so hold. We need not decide whether a qualifying proceeding had commenced before that time. Accordingly, respondent's motion to dismiss for lack of jurisdiction is denied. An appropriate order will be entered. Footnotes
1. Respondent has not raised any issue with respect to the timeliness of the filing of petition herein under section 6213(a), which requires that petition be filed within 90 days after the mailing of the notice of deficiency. Here, the notice of deficiency was dated September 23, 1980, and the petition was mailed, properly addressed, on December 22, 1980. The relevant interval is exactly 90 days, and therefore the petition was timely for purposes of section 6213(a).↩
2. 18 Fla. Stat. Ann., 607.297↩ (West, 1977).
3. In adopting the position of the two Courts of Appeals we did not adopt all of the reasoning of the opinions of these courts. We also note that American Standard Watch Co., Inc. v. Commissioner, 229 F.2d 672↩ (2d Cir. 1956) (revg. an unreported Tax Court order), involved a special type of refund and that our adoption of the position of the Court of Appeals in that case does not imply that the same result should necessarily obtain in every refund situation.
4. Sec. 6213(a). ↩
5. Sec. 6503(a)(1). ↩
6. Moreover, in view of respondent's issuance of a valid statutory notice that provided on its face that the taxpayer had 90 days to file a petition with this Court, it seems patently illogical to hold that the ensuing petition that is filed within such time should be dismissed for want of jurisdiction on the ground that it is untimely.