[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13267

_____

Tax Court No. 17002-04

L. V. CASTLE INVESTMENT GROUP, INC.,
LAKE VIEW NUTRITION CONSULTING SERVICES, INC.,

Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

**(September 26, 2006)**

Before MARCUS, WILSON and COX, Circuit Judges.

WILSON, Circuit Judge:

Appellants L.V. Castle Investment Group, Inc. ("L.V. Castle") and Lake View Nutrition Consulting Services, Inc. ("Lake View") appeal the Tax Court's decision stating that it did not have jurisdiction to entertain Appellants' petition contesting a deficiency found against L.V. Castle after L.V. Castle's dissolution. Because L.V. Castle did not have the legal capacity to file a petition and because the IRS has not filed a notice of transferee liability against Lake View, we AFFIRM.

## I. Background

L.V. Castle was an Illinois Corporation. On October 1, 1996, the Illinois Secretary of State dissolved L.V. Castle because it failed to file an annual report and because it failed to pay the annual franchise tax. At the time of L.V. Castle's dissolution, Lake View was its sole shareholder and successor to its assets. Pursuant to Tax Court Rule 60(c), Illinois state law determines L.V. Castle's capacity to litigate. The relevant Illinois statutes provide that the Illinois Secretary of State may administratively dissolve any corporation if , *inter alia*, the corporation "has failed to file its annual report . . . and pay its franchise tax . . . ." 805 Ill. Comp. Stat. 5/12.35(a). A corporation's dissolution "terminates its corporate existence and a dissolved corporation shall not thereafter carry on any business except that necessary to wind-up and liquidate its business and affairs." *Id*. 5/12.30. Furthermore, the Illinois statutes make it plain that any "action or

2

other proceeding" to defend the company's interests must be commenced within the state's five year corporate wind-up period. *Id*. 5/12.80. L.V. Castle's wind-up period expired on October 1, 2001.

In July 1997, the IRS sent L.V. Castle a notice indicating that L.V. Castle had failed to file an income tax return for the period ending June 30, 1996. Nearly four years later, on June 14, 2001, L.V. Castle belatedly filed the requested tax return. On June 9, 2004, the IRS sent L.V. Castle a notice of deficiency under 26 U.S.C. § 6212,[1] which disallowed certain deductions for its 1996 taxable year. The notice further explained that L.V. Castle was liable for delinquency and accuracy related penalties, plus interest. Both the issuance of the notice of deficiency and the filing of the petition challenging the deficiency occurred in 2004, well beyond the October 1, 2001 deadline.

On September 13, 2004, a petition in the names of L.V. Castle and Lake View was filed in the Tax Court under 26 U.S.C. § 6213[2] to redetermine L.V.

_____

[1]The statute provides in relevant part:

> In general. If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B of chapter 41, 42, 43 or 44 he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

26 U.S.C. § 6212(a).

[2]The statute provides in relevant part:

Castle's deficiency. The Commissioner filed a motion to dismiss for lack of jurisdiction. The Commissioner argued that L.V. Castle lacked the capacity to petition the Tax Court because, under Illinois law, L.V. Castle was dissolved and its ability to commence new proceedings had expired in 2001 (after the conclusion of Illinois' five year wind-up period). He also argued that Lake View could not maintain the petition pursuant to I.R.C. § 6213(a) and Tax Court Rule 34(b) because the Commissioner had not issued it either a notice of deficiency or a notice of transferee liability.

---

Time for filing petition and restriction on assessment. Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851, 6852 or 6861, no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court, and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court under the provisions of this subsection. The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition. Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed.

26 U.S.C. § 6213(a).

Appellants opposed the motion, arguing that the filing of L.V. Castle's tax return constituted an "action or other proceeding" under Illinois law that would toll the expiration of the corporate wind-up period. Alternatively, Appellants argued that Lake View was the real party in interest, and as such, should be allowed to maintain the petition in the Tax Court. The Tax Court agreed with the government and granted the Commissioner's motion in an order of dismissal.

## II. Standard of Review

We have jurisdiction over this appeal under 26 U.S.C. § 7482(a), which specifies that we review Tax Court decisions "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1). Accordingly, we review *de novo* the Tax Court's interpretations of the Internal Revenue Code and state law. *Shepherd v. Comm'r*, 283 F.3d 1258, 1260 n.1 (11th Cir. 2002); *Fabry v. Comm'r*, 223 F.3d 1261, 1263 (11th Cir. 2000); *Cox v. Comm'r*, 121 F.3d 390, 391 (8th Cir. 1997).

## III. Analysis

### A. L.V. Castle did not have the capacity to petition the Tax Court to redetermine its deficiency.

Appellants argue that the solicitation or the filing of L.V. Castle's tax return prior to the expiration of Illinois' corporate wrap-up period constituted the proceeding that triggered the Tax Court's jurisdiction to entertain appellants'

5

petition. Appellants rely upon *American Police and Fire Foundation, Inc. v. Commissioner*, 43 T.C.M. (CCH) 77 (1981). In that case, the Tax Court held that receipt within the corporate survival period of a notice of deficiency created jurisdiction: "[W]e believe that a proceeding had been commenced *at least* at the time of issuance of the statutory notice . . . . We need not decide whether a qualifying proceeding had commenced before that time." *Id.* (emphasis added). Appellants argue that the court's refusal to decide whether the qualifying proceeding had commenced prior to the issuance of the notice indirectly acknowledged that the expiration of a corporate wind-up period should not limit a corporate taxpayer's right to defend itself from a potentially erroneous tax determination. Appellants contend that this is particularly true where the petition challenging the determination could not be filed until after the survival period expired.

Appellants also rely upon *Bahen & Wright, Inc. v. Commissioner*, 176 F.2d 538, 539 (4th Cir. 1949) (holding that sending a notice of tax deficiency within the three year state statutory wind-up period commenced a "proceeding" for purposes of invoking the Tax Court's jurisdiction); *Bared & Cobo Co., Inc. v. Commissioner*, 77 T.C. 1194, 1196 (1981) (holding that issuance of a notice of deficiency to a corporation three years after its dissolution was an "action or other proceeding" under Florida's corporate survival statute); and *American Standard*

6

*Watch Co., Inc. v. Commissioner*, 229 F.2d 672, 674-75 (2d Cir. 1956) (holding that filing a claim for a tax refund within the statutory survival period commenced the proceeding for jurisdictional purposes). Appellants conclude that they must be permitted to pursue their claim because they filed their tax return before the wind-up period expired. They argue that the district court has effectively allowed the IRS to take advantage of them by filing a notice of deficiency after the expiration of the wind-up period, during which L.V. Castle could have pursued its petition.

Appellants' argument fails, however, because Congress has expressly authorized the Commissioner to issue notices to defunct corporate taxpayers that can no longer legally contest the notice. Specifically, I.R.C. § 6212(b)(1) provides that "[i]n the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of [income] tax . . . if [properly] mailed to the taxpayer . . . shall be sufficient . . . even if such taxpayer . . . , in the case of a corporation, has terminated its existence." Additionally, the Tax Court has confirmed on numerous occasions that Congress has authorized the Commissioner through I.R.C. § 6212(b) to issue a notice of deficiency to a dissolved corporation, despite the fact that the corporation does not have the legal capacity to challenge the notice in the Tax Court. *E.g.*, *Bloomington Transmission Servs., Inc. v. Comm'r*, 87 T.C. 586, 591 (1986) ("We recognize that our holding will leave petitioner in the anomalous position of being unable to defend against

7

the determination, assessment, and possibly the collection of Federal tax. It was, however, petitioner's shareholder-officer's failure to file annual reports or pay franchise tax, or to cure the defects during either the 2 or 5-year 'winding-up period.'"); *Padre Island Thunderbird, Inc. v. Comm'r,* 72 T.C. 391, 394-95 (1974); *Condo v. Comm'r*, 69 T.C. 149, 156 (1977); *Dillman Bros. Asphalt Co. v. Comm'r*, 64 T.C. 793, 796-97 (1975); *Great Falls Bonding Agency, Inc. v. Comm'r*, 63 T.C. 304, 306 (1974). The Tax Court has never found the filing of a return to "commence" a proceeding within the meaning of a statutory wind-up period, but it has dismissed for lack of jurisdiction a petition filed after the wind-up period in which a return had been filed before the wind-up period ended. *Dillman Bros. Asphalt Co.*, 64 T.C. at 796; *see also Malone & Hyde, Inc. v. Comm'r*, 64 T.C.M. (CCH) 1309 (1992) (holding that audit of a tax return does not constitute an "action or proceeding" within the meaning of Delaware statute addressing the survival of any "action or proceeding" in a merger); *Badger Materials, Inc. v. Comm'r*, 40 T.C. 1061, 1062 (1963) ("[W]e . . . do not regard the filing of an application for tentative carryback adjustment or the issuance of an informal conference letter as a 'suit or other proceeding' within the purview of the Wisconsin statute.").

The cases Appellants rely upon are readily distinguishable. In *Bahen & Wright, Inc.*, 176 F.2d at 539; *Bared & Cobo Co.*, 77 T.C. at 1196; and *American*

8

*Police & Fire Foundation, Inc.,* 43 T.C.M. (CCH) 77, the courts held only that the issuance of a notice of deficiency constituted the commencement of a "proceeding" within the meaning of the state wind-up statute before it.[3] A notice of deficiency serves a function different from that of a tax return. As the Tax Court stated in *American Police & Fire Foundation, Inc.*, it "signals the existence of a contest over tax liability" and is the taxpayer's "'ticket to the Tax Court.'" *Am. Police & Fire Found., Inc.,* 43 T.C.M. (CCH) 77*; see also* I.R.C. § 6213(a); *Laing v. United States*, 423 U.S. 161, 165 n.4, 96 S. Ct. 473, 477 n.4, 46 L. Ed. 2d 416 (1976) ("A deficiency notice is of import primarily because it is a jurisdictional prerequisite to a taxpayer's suit in the Tax Court for redetermination of his tax liability."). A tax return, on the other hand, does not signal the existence of a controversy. *See Malone & Hyde, Inc.*, 64 T.C.M. (CCH) 1309 (finding the cases upon which the appellants rely to be distinguishable and holding that even the *post-return* event of an audit does not commence an action or a proceeding). Indeed, because the return does not signal a controversy, the Commissioner can immediately assess the tax liability that a taxpayer reports on a return. I.R.C. § 6201(a)(1).

The Tax Code and the Tax Court clearly establish that Congress has

---

[3]Another of Appellants' cited cases, *American Standard Watch Co., Inc.*, 229 F.2d 672, involved a special statutory scheme for the former excess profits tax in which the filing of an administrative claim for refund served as the functional equivalent of the issuance of a notice of deficiency for jurisdictional purposes.

9

allowed the IRS to file a notice of deficiency against a dissolved corporation that can no longer legally defend itself in such an action. Furthermore, as we will discuss in our analysis of Appellants' second argument, such a result is in fact not as inequitable[4] as it first appears because the IRS has yet to file a notice of transferee liability, which it must do before it can move against the corporation's assets if they have already been transferred from the dissolved corporation (as they have been in this case). I.R.C. §§ 6213(a), 6901(a), (g).

B.     **Lake View cannot file a petition in the Tax Court on behalf of L.V. Castle.**

Appellants argue that, under Illinois law, L. V. Castle's assets automatically passed to Lake View upon L.V. Castle 's dissolution and that Lake View stepped into the shoes of L.V. Castle with regard to litigating any claims against L.V. Castle. *See Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193, 1195 (7th Cir. 1996)*; Dubey v. Abam Bldg. Corp.*, 639 N.E.2d 215, 218 (Ill. App. Ct. 1994)*; Shute v. Chambers*, 492 N.E.2d 528, 531 (Ill. App. Ct. 1986). Appellants contend therefore that Lake View can litigate the Commissioner's claim for deficient taxes—a claim which could be enforced against those assets.

---

[4]Any potential inequities are irrelevant in any case because "the Tax Court is a court of strictly limited jurisdiction and cannot assert equitable powers in any way that could be construed as extending its jurisdiction." *Roberts v. Comm'r*, 175 F.3d 889, 896 n.7 (11th Cir. 1999) (internal quotations and citations omitted).

Appellants cite to the United States Tax Court and at least one Illinois court as support for their position. Appellants argue that in *Bloomington Transmission Services, Inc.*, 87 T.C. at 589, although the court held that the petitioner lacked the capacity to litigate the question of its tax liability because the Illinois survival period had expired, the court left the door open for the dissolved corporation's successors to litigate issues of determination, assessment, and collection of federal tax. Appellants also cite to *Dubey*, 639 N.E.2d at 218-19, which held that the applicable corporate wind-up statute did not bar an action of a dissolved corporation's sole shareholder to recover a security deposit made by the dissolved corporation because the deposit was a corporate asset to which the former shareholder succeeded by operation of law following dissolution.

Appellants are correct that shareholders of a dissolved corporation can litigate the Commissioner's claims against the dissolved corporation's assets. Appellants are attempting to do so prematurely in this case, however. In deficiency cases, the Tax Court's jurisdiction is limited to petitions filed by the party named in the notice of deficiency. I.R.C. § 6213(a); Tax Ct. R. 13(a); *Hempel v. United States*, 14 F.3d 572, 573 n.3 (11th Cir. 1994). Congress has provided a transferee of a defunct corporation with the ability to petition the Tax Court to challenge the Commissioner's determination that it is liable as a transferee for an income tax deficiency of the defunct corporation. I.R.C. § 6901(a). The

11

transferee, however, must wait until the Commissioner has made a determination of transferee liability and issued a notice to it.  I.R.C. §§ 6213(a), 6901(a), (g). Although the Tax Court cannot entertain a transferee's petition on the basis of a notice of deficiency sent to the transferor, the transferee is "free to litigate the[ ] transferor's liability" after it receives a notice of transferee liability.  *Great Falls Bonding Agency*, 63 T.C. at 307; *accord Dillman Bros. Asphalt Co.*, 64 T.C. at 796-97; *Padre Island Thunderbird, Inc.,* 72 T.C. at 399; *Bloomington Transmission Servs., Inc.*, 87 T.C. at 589.[5]

The IRS has not issued to Lake View a notice of transferee liability.  Lake View cannot yet petition the Tax Court regarding a notice of deficiency issued against L.V. Castle.  The Tax Code provides a procedure in which Lake View could file a petition after the IRS issues it a notice of transferee liability.[6]  Until this

_____

[5]*Dubey*, 639 N.E.2d 215 does not conflict with this established IRS procedure.  In that case, the sole shareholder of a dissolved corporation that succeeded to the corporation's assets brought an action "in his individual capacity" to recover a security deposit under a lease executed by the dissolved corporation.  *Id*. at 218.  Because the shareholder succeeded to ownership of the assets by operation of law, he was able to bring an action as an individual that was not subject to the wind-up statute.  *Id*. at 219.  Here, Lake View does not contend that it is bringing an action *in its own capacity*.  Indeed, as discussed above, such an action is barred in the Tax Court because Lake View was not issued the requisite notice.  Rather, Lake View brings the action as a substitute for L.V. Castle.  That type of action is plainly subject to the Illinois wind-up statute and *Dubey* does not support a contrary conclusion.

[6]We have no occasion to address today whether Lake View, in its capacity as transferee, could litigate the issue of L.V. Castle's tax liability if the IRS issues a notice of transferee liability against Lake View in the future.  The Commissioner made it clear, however, at oral argument and in his appellate brief, that "the transferee is 'free to litigate the[] transferor's liability' after it receives a notice of transferee liability, so there is no inequity."  Appellee's Br.

12

happens, however, Lake View is in no danger of losing its assets to the IRS.

Thus, Lake View could not petition for redetermination of L.V. Castle's liability, and the Tax Court properly dismissed the petition with respect to both L.V. Castle and Lake View.[7] Therefore, we AFFIRM the Tax Court.

**AFFIRMED.**

---

20 (alteration in original) (quoting *Great Falls Bonding Agency, Inc. V. Comm'r*, 63 T.C. 304, 307 (1974)).

[7]The Tax Court characterized its dismissal of the petition as a dismissal for lack of jurisdiction. Stated more precisely, the ground for dismissal of L.V. Castle's petition was for L.V. Castle's lack of capacity, and the ground for dismissal with respect to Lake View was a combination of two grounds: lack of real-party-in-interest status with respect to Lake View's attempt to litigate as a stand-in for L.V. Castle, and lack of jurisdiction with respect to Lake View's attempt to litigate its own transferee liability before it had been issued a notice of liability. *Cf. Liberty Nat'l Ins. Holding Co. v. Charter Co.*, 734 F.2d 545, 553 n.19 (11th Cir. 1984).